Hon. T. O. C. HARRISON, ⎱ Judges.
Hon. T. L. NORVAL, ⎰

Hon. ROBERT RYAN, ⎫
Hon. JOHN M. RAGAN, ⎬ Commissioners.
Hon. FRANK IRVINE, ⎭

## W. H. LEARN ET AL. V. R. A. UPSTILL.

<span style="float:right">52 271|<br>f52 582|</span>

FILED SEPTEMBER 22, 1897. No. 7379.

1. **Principal and Agent.** One who, as agent, assumes to represent a principal who has no legal existence or status, is himself liable.

2. **Statute of Frauds:** ORIGINAL PROMISE TO PAY FOR IMPROVEMENTS. *Held*, That the contract declared on is not a conditional one to answer for the debt of another, but an original undertaking.

3. **Improvement of Highway:** ACTION FOR LABOR AND MATERIALS: JUDGMENT FOR PLAINTIFF. Damages *held* not excessive.

4. **Principal and Agent:** EVIDENCE OF AGENCY. Evidence examined, and *held* not to sustain the verdict as to the defendant Kyner.

ERROR from the district court of Brown county. Tried below before BARTOW, J. *Affirmed in part.*

(271)

*J. S. Davisson* and *Munger & Courtright*, for plaintiffs in error.

*P. D. McAndrew* and *L. K. Alder, contra.*

NORVAL, J.

This action was instituted by R. A. Upstill against W. H. Learn and others to recover for labor performed and materials furnished by plaintiff in the opening and improvement of a public highway. A verdict was returned for plaintiff below for $427.92, and from the judgment rendered thereon the defendants have prosecuted separate petitions in error.

The petition in the court below alleges that "on or about the 8th day of January, 1892, at a public meeting of the citizens of the village of Long Pine, Nebraska, the defendants were appointed and constituted a committee by said public meeting to open and improve a certain public road leading from the Niobrara river to the said village of Long Pine, and to hire workmen to saw lumber to build bridges, to haul lumber and to work and grade said road, put the same in good repair for travel, and to furnish all necessary material therefor; that the defendants, on or about said date, employed this plaintiff to labor on said road, to saw lumber for bridges and to build bridges, and to haul lumber for that purpose and to furnish material therefor, and individually guarantied the pay of this plaintiff for doing said work and furnishing said material, and as individuals promised to see him paid therefor, and agreed that this plaintiff should have the sum of $22.50 for each one thousand feet of lumber sawed and furnished by him, and agreed to pay him the sum of $25 for building each bridge and to pay him reasonable prices for all other work and material done and furnished by him; that this plaintiff did labor on said road, build bridges, and furnish material therefor in fulfillment of said contract verbally entered into with said defendant, as specified in the following

schedule:   *   *   *   That the defendants, by their chairman, said W. H. Learn, did oversee and superintend said work, and from time to time between the 8th day of January, 1892, and August 26, 1893, did direct this plaintiff where to build said bridges, saw said lumber, where to grade said roads, build culverts, and how and where to procure said material, and that this plaintiff worked, labored, and furnished said material according to the directions of said W. H. Learn; that no part of the said debt has been paid except the following items:
*   *   *   Making a total credit of $263.30, and leaving as balance due this plaintiff in the sum of $424.65; that the charges made for the several items herein are the reasonable and fair 'values thereof." The answer of the defendants was a general denial.

At the beginning of the trial defendants objected to the introduction of any evidence, because the petition did not state a cause of action. The overruling of this objection is the first matter urged upon our attention, it being insisted that plaintiff's action is grounded upon a verbal contract to answer for the debt of another, and therefore within the statute of frauds and void. The petition does not purport to declare upon a contract or undertaking to pay the debt of another, but upon the direct and unconditional promise of the defendants alone. While the pleading uses the words "individually guarantied the pay of this plaintiff," from the employment of which, standing alone, a conditional undertaking might be inferred, the other averments make it perfectly plain that a recovery was sought against the defendants upon their original individual undertaking, and not upon a mere collateral promise. The pleading charges that the defendants were appointed a committee by a public meeting of citizens of Long Pine to cause the public highway to be opened and improved. The defendants then, in that view, were the agents of a principal which had no legal existence or responsibility, and the petition discloses that they pledged their own individual responsibility, and that the

22

credit was given to them personally and not to their irresponsible principal. This being true, a cause of action is stated against them.

In *Eichbaum v. Irons*, 6 W. & S. [Pa.], 67, the members of a committee appointed by a political meeting for that purpose ordered a free public dinner for the party, and it was held that the members were personally liable. Chief Justice Gibson, in delivering the opinion of the court, observed: "Now it will not be pretended that nobody was responsible to the plaintiff for the order; and if the defendants were not, who else was? Were they to be viewed as the agents of a club, we would have something palpable to deal with. The question would be, whether they had become personally liable by having exceeded their authority, or whether they had not contracted on the credit of their constituents. But a club is a definite association, organized for indefinite existence; not an ephemeral meeting, for a particular occasion, to be lost in the crowd at its dissolution. It would be unreasonable to presume that the plaintiff agreed to trust to a responsibility so desperate, or furnish a dinner on the credit of a meeting which had vanished into nothing. It was already defunct; and we are not to imagine that the plaintiff consented to look to a body which had lost its individuality by the dispersion of its members in the general mass. * * * In a case like this, the usual presumption of credit is inverted; and, in the absence of evidence to the contrary, the vendor is supposed to have relied on the responsibility of the persons who gave the order."

In *Lewis v. Tilton*, 64 Ia., 220, the court, in construing a case with somewhat analogous facts, use this language: "But it is said, these defendants did not contract. They certainly represented that they had a principal for whom they had authority to contract. They, for or on behalf of an alleged principal, contracted that such principal would do and perform certain things. As we have said, there is no principal, and it seems to us that the defendants should

be held liable, and that it is immaterial whether they be
so held, because they held themselves out as agents for a
principal that had no existence, or on the ground that
they must, under the contract, be regarded as principals,
for the simple reason that there is no other principal in
existence." The same doctrine is recognized in Mechem,
Agency, sec. 557; *Blakely v. Bennecker*, 59 Mo., 193; *Steele
v. McElroy*, 1 Sneed [Tenn.], 341; *Winona Lumber Co. v.
Church*, 62 N. W. Rep. [S. D.], 107, and cases cited. See,
also, *Lindsey v. Heaton*, 27 Neb., 662.

There was evidence before the jury tending to sustain
the averments of the petition, and that credit alone was
given by plaintiff to the defendants, and also testimony
from which the inference might be drawn that the defend-
ants did not undertake to be bound beyond the amount
which should be collected from the citizens of Long Pine.
The evidence, while conflicting, was sufficient to sustain
the averments of the petition as to all the defendants,
excepting Mr. Kyner. He and plaintiff were enemies of
long standing. They never had any conversation upon
the subject of the contract, or with reference to the fur-
nishing of any labor or materials thereunder. His co-
defendants were not shown to have been authorized to
act for him, although Upstill testified substantially that
Learn claimed authority to represent Kyner. But agency
cannot be proven by the declaration of one assuming to
act as such. (*Burke v. Frye*, 44 Neb., 223.)

Complaint is made of the ruling of the court below in
permitting plaintiff, on rebuttal, to prove the contents of
a subscription paper, and refusing to strike the testimony
out of the record. While we do not think sufficient foun-
dation had been laid for secondary evidence of what the
paper contained, we are clearly of the opinion that the
testimony objected to could not have prejudiced the de-
fendants, or either of them. The answer of the witness
was: "The paper stated that there was a committee
organized, and in that paper the names of Mr. Bull and
Kyner and Shavers were mentioned and for the purpose of

making a road from the mouth of Pine creek to the top of Mike Kernan's hill." Substantially the same fact was established by other testimony without objection; hence no prejudicial error.

The contention that the verdict is excessive is without merit, in view of the following admissions appearing on pages 15 and 16 of the bill of exceptions:

"Mr. Courtright: For the purposes of saving time defendants concede there is no dispute over the quantity of the material or the value of the price charged, except as to the price for the lumber. That we dispute.

"Mr. Alder: Then you admit the amounts of the labor done and the reasonableness of the price charged? 

"Mr. Courtright: Yes.

"Mr. Alder: And you also admit the amounts of the balances to be correct?

"Mr. Courtright: Yes, except as to the price of lumber, and Mr. Learn suggests perhaps there is some dispute as to the payments.

"Court: There was nothing said about the payments in the admission.

"Mr. Courtright: Of course we deny any liability at all. And defendants now concede that there is no dispute as to the price of the lumber."

By the foregoing every issue for the jury to pass upon was eliminated, excepting the single one whether the defendants were liable upon the contract. If the jury found by the evdence that they were so bound, plaintiff was entitled to a verdict for the full amount claimed, and nothing less. The damages are not excessive, and the evidence sustains the judgment as to the defendants Learn and Shavers.

Complaint is made of the giving of the following instruction:

"2. You are instructed that the burden of proof in this case rests upon the plaintiff, to prove by a preponderance of the evidence all the material allegations of his petition. The material allegations in this case are: (1) The employ-

ment of the plaintiff by the defendants, or one or more of them, as a committee, or as individuals, to do the work and furnish the materials as charged in the petition; (2) the doing of the work and furnishing of the materials by the plaintiff in pursuance of the employment; (3) the reasonableness and fairness of the prices charged for the work and materials, about which in this case there is no dispute, the defendants having admitted these facts; and (4) the amount remaining due and unpaid for the work and material."

It is argued that the foregoing is erroneous, in that it omitted to submit to the jury the following material issues: Whether the defendants acted in a representative capacity in making the contract, and did they guaranty the pay? The petition tendered no such issue. As already stated, the action is not upon a contract of guaranty, but an original promise. The only thing for the jury to determine to justify a verdict for the plaintiff was: First, that he was employed by one or more of the defendants; second, that he performed the work and furnished the material in question; third, the value thereof; and fourth, the amount remaining unpaid. These points were all fully and fairly submitted to the jury. It is also urged that this instruction is faulty because it implies that the employment by one of the defendants would bind them all. This is an unfair criticism of the language. The fact that the jury were told that one of the material issues was whether the contract was made by the defendant or one or more of them, did not authorize a finding against all of the defendants if the evidence showed the contract was made by one of them alone. The jury must have so understood the instruction, when considered in connection with the fifth paragraph of the charge, which was in the language following: "If the jury believe from all the evidence that any one, or more, of the defendants promised the plaintiff that they would be individually responsible to plaintiff for the payment of the work and materials sued for, and that, relying upon such individual promise, or guaranty,

the plaintiff performed the work and furnished the material as set out in the petition, and if the jury should find such individual promise to be established by a preponderance of all the evidence on that subject, then you might find for the plaintiff against the one, or more, of said defendants, whom you should find made such promise, if you find any such promise or guaranty was made." The rule is that instructions are to be construed together and not separately, and if, when so considered, the issues are fairly submitted, it will suffice. Applying this principle to the second and fifth paragraphs of this charge, it was made plain to the jury that a recovery could be had against such of the defendants alone as the evidence disclosed made the contract with the plaintiff. No inference can be fairly drawn from the instructions that if one of the defendants was bound, all of them were likewise liable.

The eighth instruction it is insisted is misleading. We do not think so. It is made clear if the defendants only promised to be responsible for the sum collected from the citizens on the subscription lists, then the defendants were entitled to the verdict. The instructions, as a whole, were eminently fair. The judgment as to Kyner is reversed, and affirmed as to the other defendants.

JUDGMENT ACCORDINGLY.

HARRISON, J., not sitting.