WILLOW SPRINGS BREWING COMPANY, APPELLANT, V.
HORATIO G. NEWCOMB, APPELLEE.

FILED DECEMBER 18, 1912.    No. 16,887.

1. **Intoxicating Liquors: LICENSE.** A saloon license purporting to be issued to a deceased person in the company name used by such person in his lifetime is invalid for any purpose.

2. **Principal and Agent: PURCHASE OF LIQUORS: LIABILITY OF AGENT.** One who assumes to act as agent for the estate of a deceased person in conducting a saloon and in purchasing liquors for that purpose, without any authority from the probate court so to do, and without any valid license, is personally liable for the contract price of the liquors so purchased, in the absence of an express agreement that he should not be so held.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Reversed.*

*I. J. Dunn, A. M. Morrissey* and *Allen G. Fisher,* for appellant.

*J. E. Porter, contra.*

SEDGWICK, J.

For some time prior to the 18th day of March, 1908, H. C. Armstrong resided in Sheridan, Wyoming, and owned a saloon and saloon business in Crawford, Nebraska. The business was carried on in the name of H. C. Armstrong & Company, by this defendant as agent for Armstrong. The saloon license was obtained and held in the name of H. C. Armstrong & Company. On the 18th day of March, 1908, Armstrong died, and this defendant continued to carry on the business as before. Mrs. Armstrong was appointed administratrix of his estate, and this plaintiff continued to sell beer and other liquors, upon the order of this defendant, as he had done prior to the death of Mr. Armstrong, except that before Mr. Armstrong's death he charged the account of Armstrong & Company, and soon after he began charging the goods to the defendant individually. In November, following, an order of the probate court was obtained for that purpose, and the saloon business, with the supplies on hand, were sold by the administratrix to this defendant, who still continued to conduct the business for the remainder of the fiscal year under the license in the name of H. C. Armstrong & Company. This action was brought to recover for liquors sold after Mr. Armstrong's death, and before the sale of the business to this defendant by the administratrix. The district court instructed the jury to find a verdict for the defendant, and the plaintiff has appealed.

There is but little conflict in the evidence; and, since the court has instructed the verdict, we must consider the facts to be as testified to by the plaintiff. Mr. Moise, who represented the plaintiff's company in this business, testified that he was present at the funeral of Mr. Armstrong,

and in a conversation with the defendant suggested the fact that the Armstrong estate would not be liable for goods purchased by the defendant, and that the plaintiff would be compelled to look to the defendant for pay. This is denied by the defendant. The fact that Mr. Armstrong resided in another state, and that there was no license, while Mr. Armstrong lived, in the name of any responsible individual, and that, for these reasons, the supposed license was probably invalid for any purpose even before the death of Mr. Armstrong, are matters discussed quite at large in the briefs. The defense relied upon in this case is that the defendant bought the goods, not for himself, but as agent for the estate of H. C. Armstrong, deceased. If it were possible that the estate of a deceased person could lawfully carry on a saloon business in this state, still the evidence in this case is by no means conclusive that the estate undertook to do so. It is not generally supposed that the administrator of an estate can carry on any trade or business in behalf of the estate, except temporarily and under peculiar circumstances, and with the express authorization of the probate court so to do. Obtaining a liquor license and carrying on a saloon business are in this state peculiarily personal matters, and the probate court would not authorize an individual to carry on such business in a fictitious name at the risk of the estate of a deceased person. It is clear that in this case the estate would not be liable for these goods and that this claim could not be collected from the administratrix. In other words, it is impossible that the estate of Armstrong could have been the principal in the transaction of this business. If this defendant bought these goods as agent, and so is not personally liable, then he was in fact agent for no one, and no one is liable. It appears that Mr. Moise knew that Armstrong was deceased, and in all probability knew that this defendant was assuming to continue the business in the interests of the estate of the deceased, but this would not relieve this defendant from liability. "One who, as agent, assumes to represent a

principal who has no legal existence or status is himself liable." *Learn v. Upstill,* 52 Neb. 271; *Codding v. Munson,* 52 Neb. 580. It is said in the opinion in the latter case that one who assumes to act as agent for a person having no legal status is liable, "unless the agreement was that (the party with whom he contracted) was to look solely to" some other party or fund. In this case there was no other party that could be held legally liable for these goods, and there is no evidence of any express agreement on the part of the plaintiff to look solely to this estate for the price of the goods. Under this evidence, we think the district court should have instructed the jury to find a verdict for the plaintiff.

The judgment of the district court is reversed and the cause remanded.

REVERSED.