WILLIAM H. CAMAN ET AL., APPELLEES, V. JOHN L. SCHIEK ET AL., APPELLANTS.

FILED MARCH 28, 1922. No. 22049.

1. Petition examined, and *held* to be a suit against defendants as partners.

2. Judgment: PARTNERSHIP. Where a group of business men meet and organize for the purpose of promoting a public entertainment and select certain persons as officers to conduct the same, and subsequently the officers are sued as partners, and the record discloses there was no partnership proved, a judgment against them will not be upheld.

3. Evidence examined, and *held* not to sustain the judgment.

APPEAL from the district court for Gage county: LEONARD W. COLBY, JUDGE. *Reversed.*

*Hazlett, Jack & Laughlin,* for appellants.

*Sabin & Vasey, contra.*

Heard before MORRISSEY, C. J., ROSE, ALDRICH and FLANSBURG, JJ., DICKSON and STAUFFER, District Judges.

DICKSON, District Judge.

This is an appeal from the district court for Gage county wherein the appellees, William H. Caman and others, recovered a judgment for $251 against the appellants, John L. Schiek and others, hereinafter referred to as plaintiffs and defendants.

The petition alleges that the plaintiffs associated themselves together as a band under the name and style of the Beatrice Musical Band Choral Amusement Association; that the defendants associated themselves together under the style and name of the Beatrice Driving Association, and that the defendant John L. Schiek was elected president of the association, Clifford P. Fall vice-president, G. L. Mumford secretary, P. C. Drew treasurer, and W. A. Ransdell chairman of the board of directors; that the object and purpose of the driving association was to hold a race meet in the city of Beatrice, which they held and carried on in the nature of a partnership, and were equally liable for the expenses of said races, and were to receive an equal proportion of any profit that might have been made upon the said races; that, before the races, the defendants employed the band to play therefor at an agreed price of $225, and that the plaintiffs performed their part of the contract, but that the defendants failed and refused to pay the plaintiffs. The defndants' answer was a general denial. From a judgment in favor of the plaintiffs, defendants appeal.

The petition charges that the defendants, as partners, conducted the horse races and, as partners, were liable to the plaintiffs. The case was tried by the court and the jury were instructed on this theory. The instructions given by the court on its own motion, and the instructions given at the request of counsel for the plaintiffs and defendants, submitted to the jury the question of partnership. Does

the evidence sustain the allegations of the petition as to a partnership? If a partnership was proved, then every member thereof would be liable. If the evidence fails to show a partnership, then there can be no recovery against the defendants, or any of them, as the petition is based and recovery sought on an allegation of partnership.

From the record it appears that, on two occasions, a number of the business men of Beatrice met in the commercial club rooms of that city, to consider the advisability of holding a race meet. A plan was agreed upon by which each was to contribute the sum of $10. This amount, it was thought, would be more than sufficient to defray the expenses, estimated at about $600. To each contributor a ticket was issued, which entitled the holder to the privilege of the grounds during the races. The defendants were selected without any collective, concerted arrangement, agreement, or understanding, expressed or implied, on their part, to manage and conduct the race meet. Some were nominated and selected with their consent and others without, and others had no knowledge of their nomination and selection until sued. Defendant Ransdell had printed for his own convenience in writing to horsemen, and without the knowledge, approval, assent, or consent of his codefendants, a letter-head in which he described himself as "Chairman Board of Directors." The other defendants were by him named on the letter-head as "John L. Schiek, president; Dr. C. P. Fall, vice-president; G. L. Mumford, secretary, and P. C. Drew, treasurer." This letter-head the plaintiffs had no knowledge of until after the performance of the services sued for . There is no evidence in the record, or claim made, that these men ever met together as individuals, officers, or representatives of the business men of Beatrice, or that they even consulted with each other as such. There is no evidence in the record that they were to or ever made a report of their doings to those who selected them, or to each other. In fact, only one or two of the defendants took an active part in the race meet; the others did nothing, either from choice or because those that

were active did all that was required. They neither collectively nor individually represented or held themselves out to be partners, nor can there be found in the record any conduct on their part, collectively or individually, which would indicate or imply that they were partners, or pretending to act as such. The plaintiffs in this action claim that they were employed by defendant Drew. This he denies. They do not claim or assert, and the record does not show, that he consulted, advised, or counseled, either collectively or individually, with his codefendants as to the employment of the plaintiffs, nor is there any evidence in the record that Drew's codefendants, or any of them, either collectively or individually, knew of the employment of the plaintiffs by Drew, if they were employed by him, unless employment be inferred from an inquiry from one of the defendants other than Drew as to when, where, and how plaintiffs should play.

Do these undisputed facts make these defendants partners? We think not. This court in *Waggoner v. First Nat. Bank of Creighton,* 43 Neb. 84, said: "Copartnership is a contract of two or more competent persons to place their money, effects, labor, skill, or some or all of them, in lawful commerce or business, and to divide the profit or bear the loss in certain proportion." This would be a true partnership. The most that can be said of the case under consideration, is that the defendants were the representatives of an association of business men formed for pleasure. To apply to them the term 'partnership' would be to misuse the term. Somewhat similar facts have been considered by the courts and a recovery allowed, not upon the proposition of partnership, but liable "because they held themselves out as agents for a principal who had no existence, or on the ground that they must, under the contract, be regarded as principals, for the simple reason that there is no other principal in existence." *Learn v. Upstill,* 52 Neb. 271, and cases cited. While the facts, to some extent, present this issue, the pleadings do not, and the rule in this state is inflexible that the allegations and

the proof, *allegata et probata,* must agree.

These defendants were sued as partners, or as members of a partnership. There is no evidence to sustain the allegations of the petition, and the judgment must be reversed and a new trial granted.

REVERSED AND REMANDED.