## NELLIGAN v. CAMPBELL.

*(Supreme Court, General Term, Fourth Department.* September, 1892.)

PRESIDENT OF CORPORATION—EXCEEDING AUTHORITY—LIABILITY.

> Where the president of a corporation executes a written guaranty in its name, but without authority, he may be held individually liable on an implied warranty of authority.

Appeal from Onondaga county court.

Action by Maurice Nelligan against George G. Campbell on a contract of guaranty. From a judgment of the county court affirming a judgment for plaintiff rendered in a justice's court, defendant appeals. Affirmed.

The complaint in the justice's court was "for breach of contract and for rent due in the sum of $200." The answer contained a denial of the complaint only. On the 12th of August, 1890, the plaintiff executed a lease of his premises 205 and 207 North Salina street, in Syracuse, to Ament & Waldroff, until the 1st day of May, 1891. In the lease it was stipulated "that the lower floor of said premises shall be used for a saloon and restaurant only, and that the family of the party of the second part shall occupy the upper floor of said premises, and occupy the same at night." Subjoined to the lease was an instrument which recited, viz.: "In consideration of the letting of the premises above mentioned to the above-named Frank B. Ament and Bert Waldroff, and the sum of one dollar to me in hand paid by the party of the first part, the receipt whereof is hereby acknowledged, we, the Syracuse Brewing Company, a body corporate, do hereby covenant and agree, to and with the party of the first part and his lawful representatives, that, if any default shall at any time be made by the said Frank B. Ament and Bert Waldroff in the payment of the rent and performance of the covenants in the foregoing lease, during said term, on their part to be paid and performed, we will well and truly pay the said rent, or any part thereof, or any arrears thereof, that remain due unto the said party of the first part, with the agreement and understanding of all the parties hereto that, if said Frank B. Ament and Bert Waldroff, or his assigns, shall make default in the payment of any of the rents in said lease mentioned, we shall have written notice of such default, within thirty days from the time it is made, and, in consideration of said guaranty of payment, the said Frank B. Ament and Bert Waldroff hereby consent that we shall have the assignment of this lease as a collateral security for our guaranty of payment as aforesaid. In witness whereof we have hereunto set our hands and seals this 18th day of August, 1890. SYRACUSE BREWING COMPANY. [L. S.] By GEO. G. CAMPBELL, President." Proof was given upon the trial of the service of two copies of the notice of default in the payment of the rent, and demanding from the defendant payment thereof, and that a personal demand was made of the tenants and of the defendant before the commencement of the action, and that "there was due and unpaid on November rent, $48; on December rent, $83.33; on January, $83.33. No part of this has been paid to me." Before the justice's court the plaintiff remitted $14.66, and demanded a judgment only for $200, which was rendered in favor of the plaintiff. Prior actions were brought against the brewing company, resulting in nonsuits. In the trial of those actions the defendant was sworn as a witness, and denied his authority to execute the guaranty of payment already referred to. He testified: "I was induced to think I had authority to sign by conversations had by some of the directors. I had no authority, by any resolution of the defendant's board of directors. I talked the matter over and they did not tell me to sign or not to sign it. Directors of the company did not tell me to sign this guaranty or to make this affidavit. There was never any resolution passed by the board of directors of the defendant which authorized me to sign guaranty or affidavit."

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Waters, McLennan & Waters,* for appellant.    *Charles G. Baldwin,* for respondent.

HARDIN, P. J.   If the action is to be regarded as one founded upon an implied guaranty on the part of the defendant to execute the contract, or an action for rent due, we think, with the laxity allowed in justice's court in respect to the pleadings, the complaint must be deemed sufficient.   We think *Bartholomae* v. *Kauffmann,* 47 N. Y. Super. Ct. 553, sustains the plaintiff's right to recovery.   That was an action to recover the rent covenanted to be paid by a certain lease between the plaintiffs as lessors and "the trustees of the German-American Institute" as lessees, and signed and sealed by the defendant "for the board of trustees, by S. Kauffmann, treasurer."   On the trial it appeared that the organization was a mere voluntary association, and that Kauffmann had "no authority to bind his associates."   A verdict was rendered against the defendant Kauffmann, and it was said by the general term "that the defendant Kauffmann having executed the lease as treasurer, without authority from the other defendants as patrons of the school, some of whose children had attended it, and there being no trustees, in fact, and only a mere voluntary association, by such execution of the lease he became liable."   The case was taken to the court of appeals, and was affirmed, as appears in 91 N. Y. 654.  An abstract of the opinion delivered in the court of appeals by DANFORTH, J., appears in 16 Wkly. Dig. 127, and it was held "that K. was not screened by the epithets used, and, when they were shown to be shams, he remained the contracting party, and, as such, personally liable for the obligation expressed in the lease; that is, he impliedly, if not expressly, undertook that the authority he professed to have did, in fact, exist, and, as it did not, he was also liable on that ground.   Leake, Cont. 511." (The case was decided in January, 1883.)   In *Simmonds* v. *Moses,* 2 N. E. Rep. 640, (decided by the court of appeals, October, 1885,) it was held: "A contract made by an agent, in excess of his authority from his principal, binds the agent personally; and this is so, notwithstanding the agent acts in good faith, supposing that he is within the terms of the instructions received from his principal."   In that case it was said:   "The plaintiffs have no cause of action against the principals, for the order they executed was not their order.   Hence it was given by the defendants in excess of authority, and there seems no reason why they should not make good all damages which the plaintiffs sustained in consequence of their belief that the authority assumed did in fact exist.   *Baltzen* v. *Nicolay,* 53 N. Y. 467."   In that case the contract was in writing, "and was, moreover, sufficient in form to satisfy the statute of frauds.   The defendants are held liable because they had no authority to make it, and hence, though sufficient in form, it cannot be enforced against the apparent principals."   No question was raised in the court below that the agreement, if executed by the brewing company, would not have been valid. No evidence was given upon the trial from which we can infer or assume that the contract was illegal or *ultra vires.*   In *Whitney Arms Co.* v. *Barlow,* 63 N. Y. 63, it was held that "the plea of *ultra vires,* as a general rule, will not prevail, whether interposed for or against a corporation, when it will not advance justice, but, on the contrary, will accomplish a legal wrong."   *Raft Co.* v. *Roach,* 97 N. Y. 378.   We think it was found as a matter of fact in the justice court that the defendant impliedly warranted that he had authority to execute the guaranty, whereas, in fact, as the evidence revealed, he had no such authority; and that the evidence justified the judgment given to the plaintiff by the justice court, and was properly affirmed by the county court. *Burnham* v. *Butler,* 31 N. Y. 480.   Judgment of the county court of Onondaga county and that of the justice's court affirmed, with costs.   All concur.