BOYD THISTLE, Plaintiff, v. ELLIE A. JONES et al., Defendants.

(County Court, Kings County, November, 1904.)

Lease — Executed to an association not at the time in existence — When ratified by the association after its incorporation it is liable thereunder for rent, not for use and occupation — Presumption of assignment of the lease to it — When its directors are not liable.

A written lease for a term of six years from May 1, 1899, recited that it was made between " Boyd Thistle * * * party of the first part, and the Woman's Aid Nursery, an association incorporated or in process of incorporation * * * party of the second part ". The lease contained among others the following clause: " And the said party of the second part hereby covenants to pay to the said party of the first part the said yearly rent as herein specified ".

It was signed as follows:

" Boyd Thistle,                                [L. s.]
" The Woman's Aid Nursery,
" by Elizabeth R. Moffat,                      [L. s.]
" Ellie A. Jones,                             [L. s.]

" A Committee duly appointed by resolution adopted March 26th, 1889."

County Court, Kings County, November, 1904.        [Vol. 45.

The Woman's Aid Nursery was incorporated four months after the making of the lease when in August, 1899, it ratified, adopted and accepted such lease, entered into possession of the demised premises and paid rent in accordance with the terms of the lease until August, 1902, since which time it failed to make any payments of rent;

*Held*, that the lease was not void because it purported to be made by agents for a principal not in existence;

That the lease having been duly executed by the lessor and delivered to a committee on behalf of the Woman's Aid Nursery and the Woman's Aid Nursery having, upon its incorporation, ratified, accepted and adopted the lease and entered into possession thereunder, it was bound by the covenants in the lease from the time of such adoption and acceptance;

That the facts above stated also warranted the presumption that the lease had been assigned to the Woman's Aid Nursery after its incorporation, which assignment rendered it while in possession liable upon the covenants contained in the lease;

That consequently an action could be maintained against the corporation upon the covenant to pay rent contained in the lease and that it was not liable in an action for use and occupation;

That rent, which became due from the Woman's Aid Nursery three years after it had been adopted or assigned by that corporation, did not constitute a debt for which the directors of the corporation were liable under the Membership Corporations Law as such debt was not payable within one year from the date on which it was contracted.

ACTION upon a written lease. Demurrer. to answer.

Richards Mott Cahoon, for plaintiff.

Davis, Symes & Schreiber, for defendants.

CRANE, J. In March of 1899, the plaintiff, Boyd Thistle, was the owner of the premises in the borough of Brooklyn, Kings county, known as Nos. 761 and 761½ Herkimer street. On the thirty-first day of that month he made and executed a written lease under seal of the said premises to the Woman's Aid Nursery for the term of six years from the first day of May, .1899, at the annual rent of $540, payable in equal monthly installments in advance.

This instrument commences as follows: "This indenture made the thirty-first day of March, one thousand eight hundred and ninety-nine, between Boyd Thistle of the

Borough of Brooklyn, County of Kings, City and State of New York, party of the first part, and the Woman's Aid Nursery, an association incorporated or in process of incorporation, now located and doing business at number 506 Grand avenue in the said Borough of Brooklyn, party of the second part."

The lease recites the leasing of the premises 761 and 761½ Herkimer street, and the rent to be paid therefor as above stated, and also provides for repairs to be made by the party of the first part, for the right of re-entry in case the rent shall not be paid or default made in any of the covenants, and it also contains a covenant that the lease shall not be assigned, nor sublet without the consent of the party of the first part, and that the premises shall not be occupied for any business deemed extra hazardous on account of fire or otherwise. Other covenants to be fulfilled by the party of the second part are alleged in the lease, including the following: "And the said party of the second part hereby covenants to pay to the said party of the first part the said yearly rent as herein specified."

At the time of making this lease, the Woman's Aid Nursery was not a corporation and did not become such till the following August. This deed of indenture was, therefore, executed as follows:

" In witness whereof the parties to these presents have hereunto set their hands and seals the year and day first above written.

"Boyd Thistle,                [L. s.]
" The Woman's Aid Nursery,
" by Elizabeth R. Moffatt,    [L. s.]
" Ellie A. Jones,             [L. s.]
    "*a Committee duly appointed by
    "resolution adopted March 26th.*
    " 1899."

When the Woman's Aid Nursery became incorporated four months thereafter, it ratified, adopted and accepted this lease made to it in the way above stated, entered into possession of the premises under the lease and paid rent in

County Court, Kings County, November, 1904.    [Vol. 45.

accordance with its terms till August of 1902, since which time it has failed to make payments.

The question now arises, can the Woman's Aid Nursery, a corporation, be sued for rent under the lease, that is, on the covenant to pay rent, or can it only be sued for use and occupation? The plaintiff claims that the Woman's Aid Nursery not being in existence as a corporation at the time the lease was made to it, the lease was absolutely void, and that the only action for rent which can be maintained is one for use and occupation. The defendants, however, insist that an action upon the lease could be maintained against the corporation, and that, therefore, an action for use and occupation will not lie, and in this contention I believe that the defendants are correct.

While it is true that contracts entered into by promoters of corporations cannot technically be ratified by a corporation not in existence at the time of the making of the contract, yet if the agreement appears to be a reasonable means of carrying out any of the company's authorized purposes it may be accepted and adopted by the latter, either at the time of its formation or subsequently through its usual agencies. Morawetz Priv. Corp. (2d ed.), §§ 548, 549.

By section 207 of the Real Property Law an estate or interest in real property other than a lease for a term not exceeding one year cannot be created unless by deed or conveyance in writing subscribed by the *person creating or granting the same.*

Thus deeds conveying lands may be signed and executed by the grantor only, but if accepted by the grantee covenants contained therein must be kept by him.

In the case of Atlantic Dock Company v. Leavitt, 54 N. Y. 35, it is stated in the opinion as follows: "A covenant can only be created by deed, but it may be as well by deed-poll as by indenture; for the covenantee's acceptance of the deed is such an assent to the agreement as will render it binding on him. But the party must be named in the deed-poll," and again, "It is undoubtedly true that a seal is essential to a covenant, and that an action of covenant can be based only on an agreement in writing under seal. In the case of

a deed-poll containing covenants to be performed by the grantee, the grantee who has induced the grantor to give the deed in reliance upon the covenants, and who has accepted the deed and enjoyed the estate granted, is estopped from denying his covenants. He is estopped from denying that the seal attached to the deed is his as well as that of the grantor, and hence when sued upon his covenants the proof of the deed and of his acceptance thereof and enjoyment of the estate, conclusively establishes that he has covenanted as stated in the deed."

This case was referred to and approved in Bowen v. Beck, 94 N. Y. 86, and in Wales v. Sherwood, 52 How. Pr. 413.

It is by this law that the acceptance of a conveyance containing a statement that the grantee is to pay off an incumbrance binds him as effectually as though the deed had been *inter partes* and had been executed by both the grantor and grantee.

If the Woman's Aid Nursery had been a corporation at the time of making of this lease by the plaintiff, it would, according to the above decisions, have been bound by the covenants contained in it by the acceptance of the lease, although it had not signed it as a party or attached to it its seal; in other words, by the acceptance of the lease duly sealed and executed solely by the lessor, the corporation could have been held to the covenants in the lease.

The fact is, however, that the Woman's Aid Nursery was not incorporated at the time of the making of the lease, although it was named as such in the instrument as " party of the second part." The lease, however, was duly sealed and executed by the lessor and delivered to a committee for and in behalf of the corporation, and subsequently when the institution became incorporated it ratified, accepted and adopted the lease made by its promoters or committee and entered into possession under it, and I, therefore, think that the corporation was bound by the covenants in the lease from the time that the said instrument was accepted and adopted by it.

If the Woman's Aid Nursery cannot be held liable for rent upon the lease, it cannot be held liable in an action for use

County Court, Kings County, November, 1904.      [Vol. 45.

and occupation. The lease was not void because it purported to be made by agents for a principal not in existence.

If an agent purports to act for a principal not in existence, or acts without authority, or makes an agreement for a principal in such a way that the principal cannot be held, the agent is himself liable, and if this lease executed and accepted by Elizabeth R. Moffatt and Ellie A. Jones in behalf of the Woman's Aid Nursery does not bind that organization, then it binds them and they are liable on the lease made. Bartholomæ v. Kaufman, 16 Wkly. Dig. 127; Haight v. Sahler, 30 Barb. 218; Randall v. Van Vechten, 19 Johns. 60.

Whitford v. Laidler, 94 N. Y. 145, does not decide that such a lease as here in question is void. That case held that the agents were not individually liable because they signed the lease as individuals, where it appeared that at the time there was a known principal for whom they acted under authority; and the statement in the opinion that perhaps the corporation could only be liable for use and occupation I do not take as conclusive on this point in face of the previous authorities above cited, but regard it as a remark conceded in the way of argument.

If, therefore, this lease was binding upon Elizabeth R. Moffatt and Ellie A. Jones and not upon the Woman's Aid Nursery because no such principal existed at the time of the making of the lease, then the plaintiff's action for rent must be on the lease and against these individuals, and an action for use and occupation will not lie against the corporation although in fact the Woman's Aid Nursery entered upon the premises and paid rent therefor. Kiersted v. Orange & Alexandria R. R. Co., 69 N. Y. 343.

Another and perhaps a better reason why I believe the Woman's Aid Nursery is here liable on the covenants in the lease for the payment of the rent is upon the presumption that it is the assignee of the lease. The authorities are abundant that an assignee of a lease is bound by the covenants therein and liable for the rent thereon. Walton v. Stafford, 14 App. Div. 310; Cameron v. Nash, 41 id. 532.

This lease in question having been made with individuals for the benefit of a corporation to be created and which lease

is subsequently in the possession of the corporation, duly adopted by it and rent paid under it while the corporation is in possession of the property, would, according to Bedford v. Terhune, 30 N. Y. 453, be presumptive evidence that the corporation was the assignee of the lease. In that case it was stated, "When the action is brought against the defendant as assignee of the term, and the issue is on the assignment, it will be enough for the plaintiff to give general evidence, from which the assignment may be inferred, or that the defendant is in possession of the demised premises, or has paid rent. Payment of rent by the defendant to the plaintiff, when the defendant has been let into possession by the original lessee, is *prima facie* evidence of the assignment of the whole term. * * * Under the statute of frauds, the assignment of a lease must be made in writing, or it is void. If there was in fact no assignment in this case, the defendants could not be made liable. But as the law infers an assignment from certain facts proved, the inference must be of a valid operative assignment, such an one as was sufficient to transfer the term. * * *. *The defendants being assignees, they were liable, on the lease, for the rent."*

The facts as they appear in this case would warrant this presumption of assignment to the Woman's Aid Nursery of the lease made by the plaintiff for its benefit and thereby render it liable on the lease for the rent, and not for use and occupation.

Having decided these questions we can now dispose of the demurrer in this case. The plaintiff sued the Woman's Aid Nursery in an action for use and occupation for rent due from the 1st of August, 1902, to the 11th day of June, 1903, and recovered judgment. Execution against the property of the corporation having been returned unsatisfied, this action was commenced against the defendants, alleging their liability as trustees or directors under section 11, article 1, of the Membership Corporations Law. Laws of 1895, chap. 559.

The defendants by their answer, among other things, set up the defense of the lease to the corporation or for its benefit made in March, 1889, above referred to, claiming thereby that the liability for rent in 1902 was not one payable within

one year from the date it was contracted.   To this defense the plaintiff has demurred.

There is no question but that under the Membership Corporations Law the defendants whether trustees or directors of the Woman's Aid Nursery are not liable for any debt contracted while they are such, not payable within one year from the date it was contracted.

As I have decided that this lease made in 1899 was binding upon the Woman's Aid Nursery for the reasons stated, it thereupon became a contract, covenant or obligation of the Woman's Aid Nursery at the time that the lease was adopted, accepted by or assigned to it, that is in August of 1899, as alleged in the answer, and rent which by the terms of such lease or agreement was to be paid or to become due three years thereafter was not such a liability within the meaning of the Membership Corporations Law as to make the directors liable therefor.   Hardman v. Sage, 124 N. Y. 25.

This liability for the rent due in August, 1902, and thereafter was incurred in August of 1899 by the written lease and not by the use and occupation of the corporation.

Accordingly the answer of the defendants sets forth a good defense and the demurrer thereto must be overruled, with costs.

Demurrer overruled, with costs.