### SCHENKBERG v. TREADWELL et al.

(Supreme Court, Appellate Term. June 26, 1905.)

PRINCIPAL AND AGENT—NONEXISTENCE OF PRINCIPAL—LIABILITY OF AGENT.
Individuals who sign a lease to a fictitious corporation, as president and vice president thereof, are individually liable on the lease, although it is under seal.

[Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Principal and Agent, § 486.]

MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Eliza M. Schenkberg against George A. Treadwell and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before SCOTT, P. J., and MacLEAN and DUGRO, JJ.

Walter S. Logan, for appellants.

William S. Young, for respondent.

PER CURIAM. This judgment should be affirmed, with costs. See Bartholomae et al., Ex'rs, v. Kaufman, 47 N. Y. Super. Ct. 552, affirmed in 91 N. Y. 654 (see, for opinion, 16 N. Y. Wkly. Dig. 127); Thistle v. Jones, 45 Misc. Rep. 215, 92 N. Y. Supp. 113; Nelligan v. Campbell, 47 N. Y. St. Rep. 576, 20 N. Y. Supp. 234; Dickson's Ex'r v. Thomas, 97 Pa. 286; Behrens v Insurance Co., 64 Iowa, 22, 19 N. W. 838.

Judgment affirmed, with costs.

MacLEAN, J. (dissenting). The plaintiff sought and recovered judgment against the defendants herein for rent alleged to be due

under a lease, under seal, made by her to the New Science Sanatorium League, and subscribed "The New Science Sanatorium League, by La Forest Potter, M. D., President. George A. Treadwell, Vice President. Eliza M. Schenkberg." It is the law in this state that, "where an instrument is under seal, no person can sue or be sued to enforce the covenants therein contained, except those who are named as parties to the instrument, and who signed and sealed the same." Henricus v. Englert, 137 N. Y. 488, 494, 33 N. E. 550. The defendants are not named as parties to the lease, nor did they sign in individual capacities, and, though their principal was nonexisting, the seal may not be treated as surplusage in order to charge them, as that would change it from a specialty to a simple contract. Briggs v. Partridge, 64 N. Y. 357, 21 Am. Rep. 617. Liable they may be for a breach of an implied warranty of authority, or mayhap for fraud and deceit, but their liability may not be founded upon the instrument introduced in evidence, and upon which recovery was sought and obtained herein.

Judgment should be reversed, and new trial ordered, with costs to appellant to abide the event.