NETTIE RICHTER, Respondent, *v.* THE SEA GATE ASSOCIATION, Appellant.

Second Department, November 30, 1923.

Corporations — action to restrain membership corporation from selling all real property to business corporation in exchange for stock to be divided among members — member has right to maintain action — sale restrained as not promoting interests of corporation under General Corporation Law, §§ 71 and 73.

A member of a membership corporation composed of the property holders of a certain community, which corporation performs many of the functions ordinarily performed by a municipal government, has the right to maintain an action in equity to restrain a contemplated sale of all the real property of the corporation to a business corporation in exchange for shares in the business corporation which are to be divided among the members of the membership corporation.

The remedy afforded to a member of the membership corporation by appearing on an application for the approval of the sale and there objecting to its legality is inadequate.

The contemplated sale is illegal, since it appears that the corporation is to dispose of all its real property without any consideration which can be applied to its corporate purposes and, therefore, the interests of the corporation will not be promoted by the sale as required by sections 71 and 73 of the General Corporation Law.

APPEAL by the defendant, The Sea Gate Association, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 14th day of March, 1923, upon the decision of the court rendered after a trial at the Kings Special Term, restraining the defendant from carrying out a plan of its board of directors, providing for the sale of the defendant's real property to a corporation to be formed and for accepting in payment thereof the capital stock of such corporation.

*Abel E. Blackmar* [*Albert W. Meisel* with him on the brief], for the appellant.

*Herman S. Bachrach,* for the respondent.

YOUNG, J.:

The action is brought by the plaintiff, a member of the defendant association, to restrain the sale of its real property to a corporation to be formed, on the ground of illegality.

The answer in substance, while admitting the defendant's purpose to sell its real property, denies the illegality thereof. The facts are undisputed.

The defendant is a membership corporation and was organized in 1899 to provide for the welfare of its members and of property

owners at Sea Gate. Since 1901 it has been in general charge of affairs at Sea Gate, maintaining a police force, operating a ferry, collecting garbage and ashes and performing various other acts. In that year it purchased from the Norton Point Land Company various parcels of land with the rights of that company in the streets and the sewer and water systems at Sea Gate. The purchase price was $50,000, $25,000 was paid in cash and $25,000 by a purchase-money mortgage. The cash was raised by a bond issue subscribed by residents of Sea Gate. Both the bonds and the purchase-money mortgage have since been paid by the defendant from its treasury. Until 1919 the by-laws of the defendant provided that any property owner in Sea Gate might become a member thereof upon filing an application and agreeing to conform to its by-laws, rules and regulations. The defendant prepares annually a budget of the amount necessary for its operations for the ensuing year. This amount is apportioned among the property owners at Sea Gate, whether members or not, according to the appraised value of their real estate respectively. The moneys collected and received from such property owners were used to pay operating expenses and the surplus to retire the bonds and pay the purchase-money mortgage. The purchase price of the property in question was paid by members and non-members alike. In 1919 the by-laws were changed so that in addition to the property qualifications, an applicant for membership had to be elected by the board of directors. After this change over thirty persons applied for membership, but were refused and the applications have not been acted upon and some of them have been pending a long time.

In 1922 the board of directors of defendant recommended to the association a plan to sell to a corporation to be formed, with a capital of $175,000 consisting of 175,000 shares of $1 each par value, all its real estate, assessed for $151,250, except its rights and easements in the streets and sewers, for $149,380, to be paid for by stock in the new corporation amounting to that sum in par value, the unsold stock to be disposed of by the new corporation to pay taxes and other expenses. The defendant was then to distribute the stock received by it for the real estate sold to the new corporation, amongst its members in the ratio of thirty-five $1 shares to every $1,000 in real estate owned by a member, according to the 1922 assessment. This plan was submitted to the members of the defendant at a meeting on August 1, 1922, and was adopted by a vote of 6,643 in favor and 2,604 opposed.

The learned trial court in its decision found, among other things, that the proposed transfer by the defendant of the real estate in question would strip it of all its property; that member-

ship in the defendant was a valuable property right because it conferred rights and privileges not accorded to the public, and that among other property of defendant is the beach at Sea Gate and the bathing houses erected thereon; that the action proposed to be taken by defendant was illegal and would be a distribution of all defendant's property among its members for their own enrichment; that all property owners in Sea Gate, whether members of defendant or not, have an equitable claim upon the real property in question for the reason that they and their predecessors in title had paid therefor and contributed to its maintenance; that the sale or transfer of such real property to such new corporation would be in violation of their rights and would work a great injury to plaintiff's property and deprive her of rights and privileges to which she is now entitled as a member of defendant. Judgment was directed in favor of the plaintiff restraining the defendant from transferring such real property and carrying out the plan contemplated. From this judgment defendant appeals.

It is claimed by the appellant that the proposed action of the defendant is a valid exercise of its corporate powers; that it has the right to make the transfer with the approval of the court, take the stock of the new corporation and distribute it among its members. It is also urged in substance that the application by the defendant to the court for leave to make the sale or transfer in question cannot or at least ought not to be enjoined, because the illegality, justice and wisdom of the sale may be determined in the proceeding taken to obtain the court's approval. The latter contention in my opinion has no merit. I think the plaintiff clearly has the right to invoke the aid of a court of equity to restrain an attempted illegal act on the part of the defendant. She is not obliged to await the application to the court to approve the sale and intervene in that proceeding. Such approval might be and usually is obtained without notice (Gen. Corp. Law, § 72), and indeed the sale and transfer might be consummated without previous approval by the court and thereafter application be made to confirm the same. (Memb. Corp. Law, § 13, as amd. by Laws of 1915, chap. 154.) Manifestly, the remedy afforded to plaintiff by such procedure is inadequate.

Respondent urges that the proposed plan is not a sale within the meaning of the statute, but a mere attempt to divide the property of the defendant among its members. Whether or not it is, strictly speaking, a sale, does not seem to me of any importance. Assuming it to be a sale, as contended by appellant, it is clearly a sale of practically all of defendant's property. In this property every member of the corporation has valuable rights and interests

as members. Without this property, the purposes for which the defendant was formed cannot successfully be accomplished. Its members as such will lose all rights and privileges previously enjoyed in the property proposed to be sold. It is true that they may obtain their proportionate share in the stock of the new corporation, but that corporation will be purely a business corporation organized solely for profit and having purposes entirely distinct from those of the defendant and which may even become antagonistic thereto.

Again, this proposed sale divests the defendant of all its property and brings nothing in return to the defendant itself. The distribution among its members of the stock of the new corporation gives nothing to the defendant. No benefit or advantage, pecuniary or otherwise, results to the defendant. On the contrary, it divests itself of all its property now being managed and controlled in the interest of all its members for its corporate purposes, entirely without consideration. The distribution of stock in the new corporation among defendant's members may be advantageous to them; it is of no advantage or value to the defendant as a membership corporation. It receives nothing from the proposed grantee which can be applied to its corporate purposes. Clearly, then, its application to the court to make this proposed sale or transfer could not show, nor could the court properly find, that the interests of the defendant would be promoted thereby. This the statute clearly requires. (Gen. Corp. Law, §§ 71, 73.) In my opinion, therefore, the learned trial court was right in directing judgment in plaintiff's favor, restraining the execution of this plan.

The judgment should be affirmed, with costs.

Present — KELLY, P. J., RICH, KELBY, YOUNG and KAPPER, JJ.

Judgment unanimously affirmed, with costs.