YORKVILLE SQUARE CLUB, INC., Plaintiff, *v.* JOSEPH LICHTENBERGER and BERTHA H. FISCHL, as Executrix, etc., of JOSEPH FISCHL, Deceased, Defendants.

Supreme Court, New York County, June 5, 1931.

*Hackenburg & Schwartz*, for the plaintiff.

*Herman & Ernst*, for the defendants.

HAMMER, J.   Joseph Fischl, deceased, and the defendant Joseph Lichtenberger, on June 19, 1924, represented to the plaintiff that they were the president and treasurer respectively of Mozart Verein von New York, a membership corporation, and authorized to lease and sell certain premises of such Mozart Verein located at No. 328 East Eighty-sixth street, New York city.   They and plaintiff executed, acknowledged and mutually delivered a written instrument purporting to be an agreement of lease for the term of five years from July 1, 1924, to June 30, 1929.   The instrument also contained an option to plaintiff to renew for a further term of two years and an option to purchase the premises at a price of $40,000, either at the expiration of the first term or the renewal term.   Lichtenberger and Fischl executed and acknowledged the instrument as purported officers of the Mozart Verein and stated under oath in the usual form of acknowledgment that they executed such instrument and affixed the seal of the corporation by order of its board of directors.   They were in fact president and treasurer of the corporation.   In reliance upon the representation of Lichtenberger and Fischl, the plaintiff entered into possession of the premises and remained for five years and paid the reserved rent and also made improvements to the extent of $11,000.   On June 30, 1929, at the expiration of the first term, plaintiff under its option offered to purchase the property for $40,000.   This offer was refused on the ground that the agreement was void and unauthorized.

The plaintiff on June 25, 1929, made a motion, which was denied, to confirm the agreement of lease and option of sale.   Thereafter, on July 25, 1929, an action was brought by the plaintiff against the Mozart Verein for specific performance, and on January 23, 1931, a decision and decree was made by this court holding the

agreement void and unauthorized by the board of directors or the members of the Mozart Verein. The plaintiff expended $1,000 in prosecuting that action and also alleges other items of damage.

Joseph Fischl died on or about June 12, 1925. His will was admitted to probate and letters testamentary were duly issued to the defendant Bertha H. Fischl as executrix. It is provided in section 21 of the Membership Corporations Law: " No sale  *  *  * of real property within the state, or lease thereof for more than five years, shall be made without leave of the Supreme Court in a judicial district in which some of the property is located. *  *  *  If a membership corporation heretofore has or hereafter shall have executed and delivered a deed  *  *  *  or lease without leave of the court as required by law, the court, upon the application of the corporation or of any party in interest upon eight days' notice to such corporation, may confirm such deed  *  *  *  subject to the intervening rights, if any, of the subsequent *bona fide* purchasers or mortgagees of record."

The defendant asserts that the allegations of the complaint show that the contract in question is unenforcible under section 21, *supra*, and that upon such ground this court has denied the motion to confirm the agreement of lease and option to sell. It will be noted that under the writing the plaintiff as tenant went into possession and paid the reserved rent and performed on its part all the conditions therein contained and occupied the premises for the demised term of five years. The Mozart Verein was the land-lord and the plaintiff must have been a tenant. A five-year lease without approval of this court is valid. The inquiry comes quite naturally: Under what, if not under the written lease, was the possession, performance, payment, relationship and status? The only portions of the agreement which required approval of this court were the option for renewal for two years and the option to purchase for $40,000.

It has been held that the Mozart Verein, its board of directors and members did not authorize the signatures of Lichtenberger and Fischl, its officers, on the paper writing. Assuming, but not deciding, that such finding and decision is *res adjudicata* on that point, had the corporation authorized such agreement of lease for five years, to that extent clearly it would be enforcible and would not come within the requirement of or be subject to the provisions of section 21 of the Membership Corporations Law. Assuming, then, that the corporation and its directors and members also had authorized the option of renewal for two years, there is no apparent or suggested logical reason why this court would refuse leave under section 21, *supra*, to enter into and perform such an

ordinary agreement, or to confirm the same had the corporation neglected first to obtain such leave.

It may be fairly argued then that the two-year provision for renewal is such a contract as the law would enforce against the corporation if authorized by the corporation. Whether upon the facts alleged in the complaint this could be held as matter of law it is not necessary to determine here, for the reasons later given.

The conflict between the parties no doubt is in respec$^t$ of the clause in the questioned instrument reading as follows: " The landlord gives to the tenant the option of purchasing said premises either at the time when the first term expires or at the time when the renewal term expires for the price of $40,000."

Assume that the corporation, its directors and stockholders authorized its officers to enter into the agreement containing such option, would this court under section 21 of the Membership Corporations Law grant or refuse leave to sell? The answer to that question requires a consideration of the practice and procedure to obtain leave.

No procedure is provided in the Membership Corporations Law. Section 50 of the General Corporation Law (as renum. and amd. by Laws of 1929, chap. 650), however, reads as follows:

" § 50. Petition. A corporation required by law to obtain leave of court to sell, mortgage or lease its real property shall present a verified petition to the supreme court of the judicial district, or the county court of the county, wherein the real property is wholly or partly situated, stating:

" 1. The name of the corporation and of its directors and principal officers, their places of residence and the law under or by which it was incorporated.

" 2. The business of the corporation.

" 3. A description, with reasonable certainty, of the real property to be sold, mortgaged, or leased.

" 4. That the interests of the corporation will be promoted by the sale, mortgage or lease, of the real property specified, and a concise statement of the reasons therefor.

" 5. That such sale, mortgage or lease has been authorized by a vote of at least two-thirds of its directors, at a meeting, duly called and held, and a copy of the resolution granting such authority.

" 6. The fair market value of its other real and personal property, and the amount of its debts and liabilities, and how secured.

" 7. The disposition proposed to be made of the moneys realized from such sale, mortgage or lease."

The power of the court is to ratify or veto the proposed sale. It has no power to direct a sale against the will of the corporation.

The fee and power to sell is vested in the corporation. In the interest and for the protection of the members, who are in the final analysis the real owners, restraint in the exercise of such power is placed by law upon the corporation until the indispensable approval of the court is obtained. The court has no original power to control or manage the property. (*Wheaton* v. *Gates*, 18 N. Y. 395; *Bowen* v. *Irish Presbyterian Congregation of the City of New York*, 6 Bosw. 245; *Matter of Reformed Dutch Church of Saugerties*, 16 Barb. 237.) Where the contract of sale is entered into without the consent of the court and does not provide that consent shall be obtained, such condition will be implied. (*Congregation Beth Elohim* v. *Central Presbyterian Church*, 10 Abb. Pr. [N. S.] 484.)

While the application for approval is usually made without notice, the court must in the exercise of its power determine whether the sale is for the best interest of the corporation and its members. Unless the facts are shown which warrant such finding, approval is refused. The court must and does exercise its discretion. The refusal to grant leave where the required facts are shown would be an abuse of discretion and error. The proceeding under section 21 of the Membership Corporations Law and section 50 of the General Corporation Law is not the exclusive judicial test of whether a contract by the corporation or its officers is enforcible. The legality of the proposed sale and whether or not it is for the best interest of the corporation and its members may be tried and determined in an appropriate action. (*Richter* v. *Sea Gate Association*, 207 App. Div. 573.) The question, then, as to the granting of leave by the court, as well as that of whether or not the agreement is legal and enforcible, are questions of fact. It does not appear in the complaint in the instant case that this court on the motion to confirm or in the action for specific performance adjudicated these questions. It may be that the denial of the motion and of specific performance in the action was upon the ground that the corporation and its members, which alone had the power and right, did not authorize the agreement or option of sale. Such a decision would not be fatal to the action alleged in the complaint. The complaint, however, does not state facts upon which either on an application for leave to sell or to confirm and approve such an agreement of sale or in this action the court could find and determine that the interest of the corporation and its members would be promoted by such sale as required by section 50 of the General Corporation Law.

This action is not laid in fraud. It is for damages for breach of implied warranty of authority. The complaint must allege

facts showing that the contract is one which the law would enforce against the principal if it had been authorized by the principal and the facts required by section 21 of the Membership Corporations Law and section 50 of the General Corporation Law. The complaint herein does not comply with the rule indicated and the cases cited. (*Dung* v. *Parker*, 52 N. Y. 494; *Baltzen* v. *Nicolay*, 53 id. 467; *Thistle* v. *Jones*, 45 Misc. 215; *Bloodgood* v. *Short*, 50 id. 286; *Moore* v. *Maddock*, 251 N. Y. 420.)

The motion to dismiss is granted, with ten dollars costs, with leave to plaintiff within ten days after service of a copy of the order herein and upon payment of such costs, to serve an amended complaint.

The complaint, under the second branch of the motion, being dismissed, it is unnecessary to pass upon the first branch to strike out paragraphs 12, 13, 14 and 15 of such pleading. Since, however, the plaintiff is given leave to amend its pleading, it will be of value to point out that the moving defendant has withdrawn her motion to strike out paragraphs 12, 13, 14 and 15, except that she presses her motion to strike out so much of paragraph 14 as alleges that in the action by plaintiff against Mozart Verein it was found " that Joseph Fischl, deceased, acted without authority." (See *White* v. *Madison*, 26 N. Y. 117.)