REDING v. ANDERSON ET AL.

1. **Unincorporated Association**; LEASE TO: VALIDITY. While an unincorporated association is not competent to acquire an interest in lands by deed or grant, yet it may, through its officers or members, enter into a valid lease of premises for its use. (Compare *Keller v. Tracy*, 11 Iowa, 530, and *Lewis v. Tilton*, 64 Id., 220.) Accordingly, *held* that a lease of a hall made by plaintiff to a post of the Grand Army of the Republic, signed on behalf of the post by its principal officers, and ratified by the post, was binding on the plaintiff.

*Appeal from Buena Vista District Court* — HON. LOT THOMAS, *Judge*.

MONDAY, OCTOBER 10.

ACTION in chancery to enjoin defendants from committing trespasses by breaking and entering into a hall or room in a building owned by plaintiff. A temporary injunction was allowed, which, after answer, upon motion supported by affidavits, was dissolved. Plaintiff appeals.

*Goldsmith & Hart*, for appellant.

*Robinson & Milchrist*, for appellees.

BECK, J.—I. The petition alleges that defendants have committed frequent acts of trespass by breaking and entering

a room or hall in a building owned by plaintiff, and threaten to repeat such trespass.   It is alleged that defendants are insolvent, and an injunction is demanded to avoid a multi-plicity of suits.   The defendants, in their answer, allege that they are members of a post of the Grand Army of the Repub-lic, which acquired the right to the use and occupancy of the hall in question under a lease signed by plaintiff and the principal officers of the post, and that the lease was ratified by the post, and all rent due was paid or tendered by it to plaintiff.   The affidavits support the allegations of the peti-tion, and show that defendants entered the hall as members of the post, in the exercise of the right acquired under the lease, and that the post is an unincorporated association of those who had served in the armies of the Union during the war of the rebellion.   A copy of the lease is attached to the answer as an exhibit, and is of the character and effect as alleged in defendants' answer.   It expresses a contract rent-ing the hall to the post, which is bound thereby to pay rent. It is signed by plaintiff and one of the defendants, P. T. Anderson, to whose signature is attached the words, "Post Com. and Comt."

II.   The plaintiff insists that the lease is void upon the sole ground that it is made to an unincorporated association. No questions are raised in the case other than those involved in this objection.   While it is true that an unincorporated association is not competent to contract, or acquire an inter-est in lands by deed or grant, yet it is not true that no right or obligation passes to or from the persons constituting the association thereunder.   The person making a contract in the name of such an association is personally bound thereby, and the members of the association assenting to the contract are bound in the same way.   *Lewis v. Tilton*, 64 Iowa, 220 ; *Keller v. Tracy*, 11 Id., 530.   (See Code, § 1068.)   Now, there cannot be a contract in which one of the parties is bound and the other is not bound.   It must be binding on both.   It follows that, where a contract is made with an

unincorporated association, or a part of them, the other contracting party is bound by the contract. In the case before us the officer of the association signed a lease, and is personally bound thereby. His associates, assenting to the lease, are bound in the same way. They, or the association, perform their part of the contract, and pay or tender the rent as it becomes due. The law will not permit plaintiff to recognize the lease as long as it serves his purpose, and, after that, renounce and declare it void, and oust the association or the associates from the premises.

The fact that the contract secures a leasehold interest in lands will not defeat the rights and obligations of the parties thereto. There are scores of unincorporated associations, for various purposes, in the state, whose business requires the use of rooms, halls and offices, which are rented and occupied by them. It would astonish the profession to learn, from our decision in this case, that leases in the name of such associations, signed by their officers or committees, are utterly void, and that the associates and their representatives may be turned out as trespassers at the will of the landlords.

The order dissolving the injunction is

AFFIRMED.