O. H. COMFORT, Appellant, v. W. R. GRAHAM, Appellee.

1. **Attorney Fees:** SERVICES IN VIOLATION OF LAW: RECOVERY. Whether an attorney can recover for attendance before a notary upon the examination of witnesses whose depositions are being taken upon written interrogatories, in violation of section 3738 of the Code, *quære*.

2. **Unincorporated Association:** LIABILITY OF AGENT. One who, as the agent of an unincorporated association contracts for services to be rendered in its behalf, is personally liable for the price of such services.

*Appeal from Black Hawk District Court.*—HON. C. F. COUCH, Judge.

WEDNESDAY, JANUARY 25, 1893.

ACTION against the defendant for services rendered as an attorney. Answer in denial. There was a trial

to the court and judgment for the defendant, from which the plaintiff appeals.—*Reversed.*

*J. J. Tollerton,* for appellant.

*Boies, Husted & Boies,* for appellee.

KINNE, J.—The material facts in this case are that the defendant, Graham, and others were, in 1886 and 1887, plaintiffs in an action then pending in the district court of Blackhawk county, wherein G. R. Miller and others were defendants. The case had once been tried, and appealed to the supreme court, in which tribunal the plaintiffs were defeated. Pending the retrial, Graham, on behalf of the body he represented, desired to take depositions of members of the order of Ancient Order of United Workmen in Minnesota, and arranged with the plaintiff to procure the witnesses, and see that the depositions were taken and returned in due time. The plaintiff, in person, attended the taking of the depositions, which were taken on commission, before a notary, and was instrumental in procuring the witnesses, and ascertaining what they could testify to, and that their testimony was material. For all this service he charged one hundred and twenty-five dollars, which Graham refused to pay. Therefore the plaintiff brought this action. The defendant insists that the services were valueless; that they were rendered for him while he was acting in a representative capacity; and that it was agreed and understood that the defendant should not be personally liable.

I. The petition avers that the services were reasonably worth the sum charged therefor. The answer is a denial. Conceding, for argument's sake, that the defendant employed the plaintiff, it appears that, so far as his services charged for pertained to his being present when the depositions were being taken, they were

1. ATTORNEY fees: services in violation of law: recovery.

rendered in violation of our statute, which in such cases prohibits parties and their attorneys from being present at the examination of witnesses, where a deposition is taken upon interrogations, unless both sides are represented. Code, section 3738. Such services having been thus rendered, it is doubtful if the plaintiff should be permitted to recover therefor. It does not appear, however, whether the depositions thus taken were used at the trial. The plaintiff rendered other services' which are shown to be worth the amount he seeks to recover of the defendant. He hunted up witnesses, and ascertained what they could testify to. For this he has received no compensation.

II. It is insisted that, in making the contract with the plaintiff, the defendant was acting in a representative capacity only, and hence is not personally liable. It appears that the plaintiff was a member of the order, and knew that the defendant was acting in behalf of the branch of the order in Iowa, of which he was then the head; and it is true that the defendant, in writing the plaintiff about the work he was to do, expressed the hope that he (plaintiff) "would consider it a labor of love." But the plaintiff in his reply says: "My labors of love are somewhat extensive here, but will do the best I can in part, and you can send me the balance if you recover." ·The plaintiff did not charge full value for his services. Except the defendant's naked statement in his testimony that he was acting in the matter in a representative capacity, we find no evidence whatever to justify the contention that such was the arrangement or understanding between the plaintiff and the defendant. It appears to us, also, that if the defendant sought, as he did, to shield himself from personal liability because the contract for services was made in a representative capacity, it was incumbent on him to establish that fact. He has not done so. On

2. Unincorporated association: liability of agent.

the contrary, we think it clearly appears that the order which the defendant claimed to represent was an unincorporated, voluntary association, and hence he represented no principal which the law recognized; hence, if it be conceded that the defendant undertook to act for such an association, he is personally liable. *Lewis v. Tilton*, 64 Iowa, 220; *Reding v. Anderson*, 72 Iowa, 498.

It is true that the judgment in this case stands as the verdict of a jury, and can not be disturbed if it finds support in the evidence. We are unable, however, to see that the defendant has established any of his claims, and the judgment must be REVERSED.