## Pain et al. *v.* Sample, Appellant.

[Marked to be reported.]

*Beneficial associations—Contracts—Parties—Partners—Act of April 28, 1876.*

An unincorporated beneficial association through a committee, consisting of defendants, made a contract with plaintiff for a number of performances of a spectacular entertainment, the profits to go to the association. The contract was authorized at a regular meeting of the organization and subsequently ratified at another meeting. It was admitted of record that the contract was entered into by one of defendants " acting as chairman of a committee " of the association. There was no evidence of want of authority in the association to make such a contract. *Held :* (1) That as the contract was with the association, defendants were not liable to be sued as partners ; (2) that defendants were protected by the act of April 28, 1876, P. L. 53.

The act of April 28, 1876, P: L. 53, which provides that members of beneficial associations " shall not be individually liable for the payment of periodical or funeral benefits or other liabilities of the association, and the same shall be payable out of the treasury," contemplates all liabilities which are made payable out of the treasury of the association, and not merely those which relate to funeral expenses or death benefits.

Argued Oct. 27, 1893.   Appeal, No. 181, Oct. T., 1893, by Thomas G. Sample et al., from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1891, No. 519, on verdict for plaintiffs, James Pain & Sons v. Thomas G. Sample et al., partners, trading as Lieutenant James M. Lysle Post, No. 128.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Assumpsit for contract price for performances of spectacular entertainment.

The facts appear by the opinion of the Supreme Court.

Defendants' points were as follows:

1. Request for binding instructions.   Refused. [1]

" 2. That if the jury believe that the defendants entered into this contract as a committee on the part of James M. Lysle Post, No. 128, Grand Army of the Republic, and not as individuals, and the contract was afterwards ratified and affirmed at a general meeting of the post without protest on the part of any member of the post, that then the liability incurred was that of the post, and not of the individual members thereof, and these defendants cannot therefore be held individually liable.   *Answer :* Gentlemen of the jury, this being an undertaking outside of the proper scope and business of a beneficiary association, the committee and those who acted with them did not bind the other members of the post, and those who voluntarily joined the committee in this action are individually liable. For this reason the point is refused." [2]

Verdict and judgment for plaintiffs.   Defendants appealed.

*Errors assigned* were (1, 2) instructions, quoting them.

*Wm. A. Stone, W. P. Potter* with him, for appellants.—The act of 1876 has changed the status of unincorporated beneficial organizations paying periodical or funeral benefits.   Before the passage of this act all persons who were members of that nu-

merous class of organizations known as secret societies were liable at any time to suit and judgment on account of their connection with the lodge, although they may have had nothing to do with the transaction; and this act was passed to protect and to relieve all persons who might be members of such societies.

Since the passage of this act it has been held in the common pleas courts that it relieved the members from individual liability: Paul v. Keystone Lodge, 3 W. N. 408; Luders v. Volp, 8 W. N. 417; McDowell v. Smith, 21 W. N. 558.

It is a principle of law that an agent becomes personally liable only where the principal is not known; or where there is no responsible party; or where the agent becomes liable for an undertaking in his own name; or where he exceeds his power: 2 Kent, 630.

Plaintiffs are raising for the benefit of the post the principle of the doctrine of ultra vires, although the post is not urging any such defence for itself. This cannot be done: Wright v. Pipe Line Company, 101 Pa. 204.

*Charles M. Thorp, E. Y. Breck* with him, for appellees.—Ash v. Guie, 97 Pa. 493, rules this case.

The act of 1876 has no application to the present case. It exempts members of this post from individual liability for the payment of the post's liabilities. The liability sued on is not a liability of the post itself, but of certain persons who call themselves by the post's name.

In all the cases that have come before the courts in which the act of 1876 has been relied upon, the actions have been for the recovery of sick benefits from beneficial societies: Paul v. Keystone Lodge, 3 W. N. 408; Luders v. Volp, 8 W. N. 417; Kurz v. Eggert, 9 W. N. 126; McDowell v. Smith, 21 W. N. 558.

OPINION BY MR. JUSTICE THOMPSON, November 13, 1893:

The ground upon which the court below based the liability of appellants was that the contract sued on was beyond the legitimate scope of the purposes of the organization represented by them. When the appellees made this contract they made it with the post as such. It is admitted of record " that said con-

tract was entered into by said Thomas G. Sample, acting as chairman of a committee of said James M. Lysle Post, No. 128, pursuant to a resolution adopted at a meeting of certain members of said post, which resolution authorized a committee, composed of Thomas G. Sample, A. R. Dawson, John Dietz and D. M. Morrison, defendants in this case, to enter into said contract in behalf of said post. That the defendants present at said meeting, were Sample, Dietz and Morrison, who voted in favor of said resolution; and that afterwards all the defendants took part in the execution of said contract and endeavoring to make the performance given by plaintiffs, under said contract, a success."

The proofs show that subsequently, at a meeting of the post, after a full report made, the contract was duly ratified by it. Appellees, having full knowledge that the contract was to be made by the post, which by resolution ratified it, and having executed it with a committee representing it, chose to assume that it was within the legitimate scope of the purposes of the association.

It is difficult to discover upon what principle they can sue upon this contract and at the same time successfully assert it to be ultra vires. The post has not denied its liability, upon that ground, but, on the contrary, after its execution, ratified it. It is admitted of record, "that the plaintiff and Thomas G. Sample, one of the defendants, the latter acting as chairman of a committee of Lieutenant James A. Lysle Post, No. 128, Grand Army of the Republic, on September 4th entered into the contract set forth in the plaintiff's statement."

Thus the appellees admit the execution of the contract with the post, and the proofs show clearly its subsequent ratification. Such being the case there is nothing in the evidence to warrant the assumption that it was beyond the scope of the powers of the corporation. It therefore stands as a contract with the post.

The post was an unincorporated beneficial society, but nothing is shown as to the extent and character of its powers. As to its want of power to make a contract for an exhibition to raise money for its beneficial purposes there is an absolute failure of proof. The only evidence in regard to the association is contained in a by-law offered in evidence, which by-law was as follows:

" Upon the death of a comrade who shall not be indebted to the post at the date of his death for more than one quarter's dues and shall have been a member for six months, the sum of one hundred dollars shall be paid to his heirs as a funeral benefit, the same to be drawn from the funds of the post."

This by-law indicates it to be a beneficial society, but goes no further.

In Ash v. Guie, 97 Pa. 500, members of an unincorporated association to the number of about one hundred were sued as partners and held by the court below to be such.    Mr. Justice TRUNKEY in reversing says: " Here there is no evidence to warrant the inference that when a person joined the lodge he bound himself as a partner in the business of purchasing real estate and erecting buildings, or as a partner, so that other members could borrow money on his credit.    The proofs fail to show that the officers, or a committee, or any number of members, had a right to contract debts for the building of a temple which would be valid against every member from the mere fact that he was a member of the lodge.    But those who engage in the enterprise are liable for the debts they contract, and all are included in such liabilities who assent to the undertaking or subsequently ratify it.    Those who participated in the erection of the building by voting for and advising it are bound the same as the committee who had it in charge ; and so with reference to borrowing money, a member who subsequently approved the erection or borrowing could be held on the ground of a ratification of the agent's act.    We are of opinion that it was error to rule that all the members were liable as partners in their relations to third persons in the same manner as individuals associated for the purpose of carrying on a trade."

In the present case, the purpose was to raise money for the beneficial purposes of the post; and the agreement to accomplish this was duly ratified by the lodge.    Under such circumstances the appellees who dealt with appellants as agents of the post, representing it, and made their contract with them as such, cannot maintain successfully a suit against them, as partners, who made the contract.

Appellants further contend that they are protected from individual liability by the act of April 28, 1876, entitled " An act relieving members of beneficial societies from individual

liability for lodge indebtedness," which provides : " that members of lodges of the order of Odd Fellows, Knights of Pythias and other organizations, paying periodical or funeral benefits, shall not be individually liable for the payment of periodical or funeral benefits, or other liabilities of the lodge or other organizations, and that the same shall be payable out of the treasury of such lodges or organization."

As beneficial societies have for their purpose the help and aid of large numbers of individuals at times of great pressure and distress, a purpose that naturally appeals to the best instincts of manhood, it is clear that the membership should not be associated with the perils of individual liability. The scope of the legislative intent in this act was to reach this result. Its language is not restrictive, and its " members shall not be individually liable for the payment of periodical or funeral benefits or other liabilities of the association, and the same shall be payable out of the treasury." After thus specifying a class, it uses the words " other liabilities," and clearly means all liabilities which are made payable out of the treasury of the association, and contemplates liabilities in addition to those which relate to funeral expenses or death benefits. Under the provision of this act the members of the post in this case are protected from any individual liability arising from the contract upon which this suit was brought.

Judgment reversed.