EHRLICH v. WILLENSKI et al.

(Circuit Court, E. D. Pennsylvania. June 10, 1905.)

No. 4.

LABOR UNIONS—CONTRACTS—BREACH—ACTIONS.

Where plaintiff contracted with a labor union to furnish him union labels for cigar boxes by a contract signed, "Local Union No. 165, Cigar Makers' International Union of America, by W. C. Hahn, Business Agent and Label Secretary," and the union thereafter refused to furnish such labels, plaintiff was not entitled to sue four of the members of such union "individually and for themselves and others, officers and members of the unincorporated association known as Local Union No. 165 of Philadelphia of the Cigar Makers' International Union of America," but was only entitled to seek redress against such local union.

Motion to Take Off Compulsory Nonsuit.

Harry M. McCaughey and William S. Furst, for plaintiff.
Maxwell Stevenson and William W. Porter, for defendants.

J. B. McPHERSON, District Judge. Whatever relaxation of the rule that requires all persons interested to be made parties to a suit at law may have been permitted in the case of unincorporated societies, no decision can be found, I think, that allows an action to be brought in the form that has been adopted here. The facts are these: Edward Ehrlich, the legal plaintiff, made a written contract with Local Union No. 165 of the Cigar Makers' International Union of America, by which the local society undertook to furnish him with the union label, to be affixed to the boxes in which he proposed to pack the cigars that he was about to manufacture. For a short time the label was furnished, but was then refused, and this suit in assumpsit is to recover damages for the refusal. The contract was signed as follows:

"Local Union No. 165,
"Cigar Makers' International Union of America.
"By W. C. Hahn,
"Business Agent and Label Secretary."
"Edward Ehrlich. [L. S.]"

Instead, however, of bringing suit in a form that would indicate a purpose to seek redress merely from the local union, the plaintiff selected four of its members, namely, Charles Willenski, James Mahlon Barnes, William C. Hahn, and George H. Ullrich, and sued them, as the præcipe and the summons both set forth, "individually and for themselves and others, officers and members of the unincorporated association known as Local Union No. 165 of Philadelphia of the Cigar Makers' International Union of America." In my opinion, such an anomalous record cannot be sustained, and the nonsuit must therefore be upheld. This is a suit at law, where the judgment and execution must be sustained by the record, and nothing upon the record—or in the evidence, for that matter—would justify a judgment and a fi. fa. against the defendants in their individual character. The subject of suits by and against unincorporated societies has been considered in Ash v. Guie, 97 Pa. 493, 39 Am.

Rep. 818; Pain v. Sample, 158 Pa. 428, 27 Atl. 1107; Liederkranz Society v. Germania Turn Verein, 163 Pa. 265, 29 Atl. 918, 43 Am. St. Rep. 798; Sparks v. Husted, 5 Pa. Dist. R. 189; Virtue v. Ioka Tribe, Id. 634; Kurtz v. Eggert, 9 Wkly. Notes Cas. 126; McDowell v. Smith, 21 Wkly. Notes Cas. 558; Grayson on Social and Beneficial Associations in Pennsylvania, § 81; Fitzpatrick v. Rutter, 160 Ill. 282, 43 N. E. 392; and Gorman v. Russell, 14 Cal. 531.

The Pennsylvania act of 1876 (P. L. 53), relieving members of a beneficial society (to which class the Local Union seems to belong) from individual liability for claims against the society, is as follows:

"That members of lodges of the order of Odd Fellows, Knights of Pythias and other organizations paying periodical or funeral benefits, shall not be individually liable for the payment of periodical or funeral benefits or other liabilities of the lodge or other organization, but that the same shall be payable only out of the treasury of such lodges or organizations: provided, that the provisions of this act shall only apply to unincorporated associations: and provided, further, that this act shall not apply to any liability heretofore incurred."

In view of this statute, if it be true that the local union is properly to be classed as a beneficial society, it might be well for the plaintiff to consider whether an action at law is a suitable remedy for enforcing liability against the treasury of the association, or whether the more flexible remedy in equity is not better adapted for the purpose. If the action at law is not adequate, or is obviously unsuitable, equity may have jurisdiction on this ground alone: Bierbower's App., 107 Pa. 14; Brush Elec. Co's. App., 114 Pa. 574, 7 Atl. 794; Gas Co. v. Gas Co., 186 Pa. 443, 40 Atl. 1000, 65 Am. St. Rep. 865; Thompson v. Allen Co., 115 U. S. 550, 6 Sup. Ct. 140, 29 L. Ed. 472; McConihay v. Wright, 121 U. S. 201, 7 Sup. Ct. 940, 30 L. Ed. 932; Kilbourn v. Sunderland, 130 U. S. 505, 9 Sup. Ct. 594, 32 L. Ed. 1005; Tyler v. Savage, 143 U. S. 95, 12 Sup. Ct. 340, 36 L. Ed. 82.

The motion to take off the nonsuit is refused.

Exception to the plaintiff.