LYNN, Respondent, v. COMMERCIAL CLUB OF WITTEN
et al., Appellants.

(141 N. W. 471.)

1. **Club—Involuntary Association—Evidence—Admissibility.**

   In an action against a commercial club as a voluntary asso-
ciation, for compensation for services in removal of buildings
to a town, evidence of a purported contract between the club and
others, for removal of such buildings, is admissible to show that
there was such a club, and that defendants signing it were the
club's committee and were taking an active part in removal of
the buildings, regardless of the legality or the enforcibility of
the contract.

2. **Unincorporated Association—Liability of Member—Evidence—
   Conversation in his Absence—Ratification.**

   In general, each member of an unincorporated association
is liable only for its debts incurred during his membership, and
which were necessary for effectuation of its objects; and, in
absence of proof as to the purposes of the association, evidence
of conversations and transactions between some members and
plaintiff, in the absence of others, is admissible, where the
members sought to be held for its debts participated in the
creation thereof, assented to, or ratified the transaction.

3. **Same—Evidence of Lien Claim—Relevancy.**

   In an action against members of an unincorporated associa-
tion for compensation for removal of buildings from a town,
evidence of plaintiff's asserted purpose to file a mechanic's lien
claim upon such buildings, is irrelevant, it not being inconsis-
tent with assertion of a claim against the association and its
members.

(Opinion filed May 6, 1913.)

Appeal from Circuit Court, Tripp County. Hon. WM. WIL-
LIAMSON, Judge.

Action by J. L. Lynn against Cary A. Donahue and others,
members of the Commercial Club of Witten, an unincorporated
association, for compensation for removal of buildings from one
town to another. From a judgment for plaintiff and an order
denying a new trial, defendants appeal. Affirmed.

*Ford & Burch,* and *W. J. Hooper,* for Appellants.

The contract (Ex. A) was received in evidence. Under what
theory this contract was offered and received is to us inconceiv-
able. It certainly in no wise tended to prove the contract on which
this action was brought. The fact that the Commercial Club of

Witten or that the defendants had agreed with certain people at Red Hill to pay the expenses of moving the buildings over would in no wise go to prove that the plaintiff and his assignors were hired to perform these services.

Contracts made by one party to the action with other parties are irrelevant: Roberts v. Dixon (Kas.), 31 Pac., 1083; Gill v. Staylor (Md.), 55 Atlantic, 398; Davis v. Kneale (Mich.), 56 N. W. 220; McLoghlen v. Bank (N. Y.), 34 N. E. 1095; Thompson v. Exum (N. C.), 42 S. E., 543; Jones v. Ellis (Vt.), 35 Atlantic, 488; Kelly v. Shupp (Wisc.), 18 N. W. 725; First National Bank v. Aberdeen Artesian Well Company, 137 N. W. 597.

We submit that this testimony was incompetent and prejudicial.

Assignments of errors V, VII, VIII, IX, X, XIII, XVI, XVII, XVIII, XXIII, and XXV all relate to conversations had with one of the defendants in the absence of the others. The plaintiff was testifying to a conservation which he had with Mr. Worcester over the telephone, at which conversation none of the other defendants were present.

There is no evidence of any kind that any of these defendants were members of a voluntary association known as the Commercial Club of Witten. It is a rule of law well known that no conversation by one of the defendants with the plaintiff is binding on the other defendants, unless it be shown:

1. That the party having the conversation was the agent of the defendants, and

2. That he was acting within the scope of his authority.

We submit that there is no evidence in this case to show that Worcester ever had any authority to bind the other defendants, if he did agree to pay Lynn for the use of his moving apparatus, or that Wells or Donohoe had any authority to bind the other defendants if they agreed to pay Lynn $25.00 a day for his services in moving the buildings. It was not attempted to be shown, that at any meeting of any of the defendants anyone was authorized to enter into contracts for the moving of the buildings or for the services on which this action is founded.

We submit that each objection was well taken, and the court erred in overruling the same.

The defendant's XI assignment of error is as follows: That the court erred in sustaining the plaintiff's objection to the fol-

lowing question propounded to the witness Lynn: Q. Isn't it a fact that you wanted to file liens on the buildings you moved up there?

The defendant had testified in answer to the previous question that he relied upon the alleged agreement had with him with some of the defendants in reference to moving the buildings, and he was then asked that question, to which question the plaintiff objected on the ground that it was not proper cross-examination, incompetent and immaterial. Objection sustained, to which the defendants excepted, and their exceptions allowed.

It will be seen that the purpose of this question was to show that he was not relying upon the agreements, but that he intended to hold the buildings themselves for the work done. There is no question but that if the defendants owned the buildings and they had hired him to move the same, he could have filed a lien thereon for the amount of his claim. However, the defendants did not own the buildings, and he was relying, as he stated, on the alleged contract which he had with the defendants. This contract, as stated before, was absolutely denied by the defendants, and the plaintiff's course after the work was performed, what he said and what he did in reference thereto, would go to rebut his theory of the case. It is certainly true that if he wanted to file liens, he could not successfully contend that he was relying for his pay on his alleged contract. We submit that the question was competent and the court erred in overruling the objection.

The liability of members of an unincorporated association must be tested by the following rule: "That members of an unincorporated association, having no legal status, are personally liable independent of the question of partnership, on contracts which they have assented to or assisted to make in its name." Winona Lumber Co. v. Church et al., 6 S. D. 498.

In Volga v. Ray, 131 Mass. 439, the following rule is laid down: "A member of a voluntary association is not liable for a debt incurred by a committee of the association, if it does not appear that the member was present at the meeting appointing the committee, and there is no evidence of the authority of the committee to incur the debt."

Tested by these rules, there is no evidence of the authority of any of the defendants to act in the matter in dispute.

*J. L. Hannett,* for Respondent.

The theory of this action is that the defendants were the active members of the Commercial Club of Witten, and that said club desired to have removed the town of Red Hill to Witten, for the benefit of business men of Witten. That the said club through its active members, these defendants, entered into a contract for the removal of the said buildings from the town of Red Hill to the town of Witten, S. D., and that they would pay the cost of removal. See contract exhibit "A," page 401 of appellant's brief. This contract shows that the defendants Carey A. Donohoe, F. E. Wells and H. E. Hiatt as committee for Witten Commercial Club entered into a contract with certain parties therein named for the removal of six buildings from the town of Red Hill to the town of Witten free of charge.

This contract shows that there was such an association as the Witten Commercial Club and that said club was desirous of having these buildings removed from the town of Red Hill to the town of Witten.

There is sufficient evidence in this record to show that the defendants Carey Donohoe, Frank Wells, George Worcester and H. E. Hiatt were active members of said Commercial Club of Witten and that each of them were actually engaged in procuring the removal of these buildings from the town of Red Hill to Witten by the respondent, and that the jury were justified in returning a verdict against them and each of them for the amount due the respondent. Pages 11, 13, 14, 15, 17, 18, 19, 24 of appellant's brief, and pages ... of respondent's brief, and pages 35 to 53 of record.

This case was tried upon the theory that these defendants were active members of the Commercial Club of Witten, and that as such members they entered into a contract with plaintiff as alleged in the complaint in this action, and that they as members of said Commercial Club employed Amos Quarenstrom and Ed Naus to assist in the removal of these buildings from Red Hill to Witten. There is evidence in this record from which the jury could infer that the contract was made with this plaintiff by these defendants on behalf of said Commercial Club of Witten. The evidence in this record brings this case clearly within the rules laid down in the case of Winona Lumber Co. v. Church, 6 S. D. 498.

Exhibit "A" was competent to show that there was a Witten Commercial Club and that three of these defendants were a committee of said club, and were taking an active part in reference to the removal of certain buildings from the town of Red Hill to the town of Witten. This exhibit "A" was, therefore, properly received in evidence for the purpose of showing these facts. The respondent does not claim to recover upon the contract exhibit "A," but only introduced it in evidence for the purpose of showing that there was a Witten Commercial Club and that some of the defendants herein were active members thereof, and that said club through its committee agreed to remove said buildings without expense to the owners thereof.

Appellant contends that said contract exhibit "A" was absolutely void for two reasons, stating them. This may be true, but does not in the least affect the right to this respondent to recover for his services in removing said buildings, as his right to recover is not based upon said contract.

If exhibit "A" contained facts that were competent, material and relevant to the issues then on trial, then it was properly received in evidence by the court. We concede that contracts made by one party to an action with other parties are irrelevant as such; and that the authorities cited by appellant state the law correctly, but we contend the rule to be that if said contract signed by parties to an action states facts material and relevant to the issues on trial that said contract is properly received in evidence to prove said facts, as admissions made by the parties signing the contract.

It also appears from the evidence that Mr. Wells was present at the hotel when Mr. Worcester had the conversation with Amos Quarenstrom over the phone. See page 65 of appellant's brief. It is the contention of the respondent that this conversation was binding upon the members of the Witten Commercial Club who took an active part in procuring the removal of these buildings.

GATES, J. This is an action brought by plaintiff against certain inhabitants of the town of Witten, S. D., as active members of a voluntary association, known as the Commercial Club of Witten. The complaint was framed in accordance with the views of this court as expressed in Winona Lumber Co. v. Church, 6 S. D. 498, 62 N. W. 107. The answer was a general denial. It

appears that the aforesaid Commercial Club was desirous of removing the town of Red Hill to Witten; that the plaintiff and others performed services and loaned tools and apparatus in response to requests from some of the members of such association for the removing of the buildings in Red Hill to Witten. No claim was made that the services were not rendered, nor was there any dispute as to the value of the services and of the use of the apparatus. The evidence of the defendants tended to disprove the making of such contracts. The other contracting parties assigned their claims to the plaintiff. He obtained a verdict and judgment against four of the defendants in the sum of $398.50. From the judgment and the order denying a new trial, the four defendants appeal.

The assignments of error embrace two subjects, viz., errors of law in admitting and excluding testimony, and insufficiency of the evidence to justify the verdict.

[1] We have carefully examined the alleged errors in regard to the rulings upon the evidence, and find only three propositions advanced that merit consideration. It is first claimed that it was prejudicial error to admit in evidence Exhibit A. This was a contract between the Commercial Club of Witten, party of the first part (which was signed by three of the defendants as a committee for such club), and four of the inhabitants of the town of Witten, parties of the second part. It provided for the removal of six buildings from Red Hill to Witten, free of charge to the parties of the second part. It is claimed by appellants that this contract did in no wise go to prove that the plaintiff and his assignors were hired to perform the services of moving, and that such contract was irrelevant to any issue in the case, and that its admission in evidence was prejudicial to the defendants. Respondent contends that such contract was admissible to show that there was a Witten Commercial Club, and that the three of the defendants who signed the contract were a committee of the club, and were taking an active part in reference to the removal of the buildings. We think that the respondent's contention is correct, and that the question as to the legality of the contract and as to whether it was enforceable or not between the parties is unimportant. It was clearly admissible for the purposes claimed by respondent.

[2] It is next claimed that the court erred in admitting evidence as to transactions and conversations had between one or more of the defendants with the plaintiff or his assignors, at which one or more of the defendants was not present. This claim covers 11 of the assignments of error. It is a general proposition that each member of an unincorporated or voluntary association is liable for the debts thereof incurred during his period of membership, and which had been necessarily contracted for the purpose of carrying out the objects for which the association was formed. 4 Cyc. 311. But, if the debt is contracted entirely beyond the scope of the association, only those members who assent, participate, or ratify are liable. The purpose of the organization of the association was not shown in evidence, but there was sufficient evidence, if believed by the jury, to show that the four defendants against whom the verdict was rendered had either assented to, participated in, or ratified the transaction. In this view the court was clearly right in overruling the objection of the absent defendants. The rule in this case is analogous to the rule of evidence in actions for conspiracy where the fact of a conspiracy has been proven. Under such rule, these transactions and conversations were clearly admissible as against all of the four defendants, even though some of them were not actually present at the time of the particular transaction.

[3] It is next claimed that the court erred in excluding evidence in regard to the asserted purpose of the plaintiff to file mechanic's liens upon the property to which these buildings were removed. Such evidence was clearly irrelevant. The assertion of a right to a mechanic's lien was not inconsistent with the assertion of a claim against these defendants.

The evidence covers 69 pages of appellants' brief and 6 pages of respondent's brief. It is too long to reproduce or even to epitomize. A thorough examination of it convinces us that there was sufficient evidence, if believed by the jury, to warrant the verdict as to the four defendants. In our opinion the principal features of the case depend upon the credibility of the witnesses. These questions were resolved by the jury in favor of the plaintiff. We are unable to find such a preponderance of the evidence in favor of the defendants as would warrant us in setting aside the verdict.

The judgment and order denying a new trial are affirmed.