[No. 12115.    Department One.    December 15, 1914.]

JAMES W. NOLAN, *Appellant,* v. J. P. McNAMEE, *Respondent.*[1]

ASSOCIATIONS—ACTIONS AGAINST MEMBERS—JUDGMENT—JOINT OR SEVERAL—ENFORCEMENT—MEMBERS NOT SERVED. The liability of the members of an association being joint and several and each member being individually liable for all the debts of the association, a plaintiff who did not allege and prove that all its members were liable for the debt and who failed to take judgment against the joint property of all and the separate property of each, as provided in Rem. & Bal. Code, § 236, but contented himself with a several judgment against certain members served, cannot claim that the judgment is the joint obligation of all the members and obtain the benefit of Id., § 436 providing for the enforcement of such joint judgments against defendants not served.

SAME—LIABILITY—REMEDIES AGAINST MEMBERS NOT SERVED. In case of the failure of the plaintiff, suing the members of an association, to enter a judgment enforceable against the joint property of all the defendants, as required by Rem. & Bal. Code, § 236, his only remedy against members not served is by way of an independent proceeding in which all existing defenses may be urged.

JUDGMENTS—JOINT JUDGMENTS—PARTIES CONCLUDED—PERSONS NOT SERVED—ENFORCEMENT—SUPPLEMENTAL PROCESS. An unserved defendant, jointly liable, is not bound by the judgment unless it is taken in the form required by Rem. & Bal. Code, § 236, providing that judgment may be entered against all defendants jointly liable so far only as it may be enforced against the joint property of all and the separate property of the defendants served; hence where a several judgment, not recoverable out of joint property, is entered against the joint defendants served, an unserved defendant cannot be summoned after judgment, under Id., § 436, providing for service of summons after judgment upon defendants not originally served, in case a judgment is entered "against persons jointly indebted . . . as provided in section 236."

[1] Reported in 144 Pac. 904.

SAME. Such provisions for the enforcement of joint judgments against persons not served are in the nature of an exclusive and statutory action on the judgment, which must be in the form provided in § 236.

SAME—ENFORCEMENT—PROCEEDINGS—PROCESS—SUMMONS—MOTION TO QUASH. A motion to quash a summons, issued after a judgment to an unserved defendant as authorized by Rem. & Bal. Code, § 436, in case of a joint judgment, is a plea to the jurisdiction, and rightly sustained, where no such joint judgment was entered; notwithstanding that § 439 limits the defenses in proceedings to enforce joint judgments, as the plaintiff did not bring himself within the statute.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered March 30, 1914, quashing a summons. Affirmed.

*Oscar G. Heaton,* for appellant.

*J. L. Corrigan,* for respondent.

CHADWICK, J.—On September 21, 1909, appellant obtained a judgment against certain members of an unincorporated society. Although named as a defendant, no service of summons and complaint was made upon respondent McNamee. The case proceeded to judgment against those served, the judgment being in form,

"It is therefore, ordered, adjudged and decreed by the court that the plaintiff be given judgment against defendants Joseph E. Carraher, J. P. Gilmour, A. Strehlay, Neal Boyle, Jr., Jack Sullivan and Frank M. Egan in the sum of Three Hundred Thirty-nine and 10-100 Dollars ($339.10), and for his costs and disbursements herein to be taxed, and for Ten Dollars (10) statutory attorney's fee."

On the 11th day of February, 1914, appellant served what he denominates a summons after judgment upon respondent. The summons recites the fact that judgment had been taken against the defendants served in the first proceeding, and summons respondent to appear and show cause why he should not be bound by the original judgment and why judgment should not be entered against him as if he had been originally served. Respondent moved to quash this summons. This

motion was granted by the court, and this appeal follows.

Appellant contends that the obligation of the defendants in the original proceeding was joint and that he can proceed against those served under Rem. & Bal. Code, §§ 236, 436 *et seq.* (P. C. 81 §§ 165, 797).

Without inquiring into the nature of the obligation resting upon the members of the society, it is enough for us that the case as it comes to us falls within the general rule that the liability of the members of a voluntary association is joint and several, and that each member is individually liable for all of the debts of the association to third parties. 4 Cyc. 311; 25 Am. & Eng. Ency. Law (2d ed.), 1136.

Plaintiff might have brought his action and alleged and proved that the association and all its members were liable for the debt and taken his judgment against the joint property of all and the separate property of those served, under subd. 1 of § 236. This he did not do. The court found at his instance a several judgment. It follows that a judgment against this respondent cannot now be entered upon the former record. It is only in cases where the judgment is taken against joint property that an unserved defendant is bound at all. This, upon the theory that, the debt being jointly as well as severally owing, a service and a judgment against one of several who are liable, as, for instance, copartners, is binding upon the others in so far as it affects joint property. But it does not follow in all cases that an unserved defendant can be brought in after judgment by a notice to show cause under § 436 *et seq.*, Rem. & Bal. Code. To invoke the aid of such supplemental proceeding, a proper judgment must have been taken under § 236, subd. 1. Here we have an ordinary money judgment to which respondent is in no sense a party, and appellant's remedy, if he has one, is by way of an independent proceeding in which all existing defenses may be urged. The right to proceed in the original proceeding against defendants not served depends upon the form of the judgment there entered (*Blackburn v. Sweet.*

38 Wis. 578) ; for, as it is held, the proceeding to bring in other defendants is in the nature of an exclusive and statutory action on the judgment. *Cooper v. Burch*, 140 Cal. 548, 74 Pac. 37. In other words, an unserved defendant cannot be held to answer to a several liability under § 436 *et seq.*, unless a joint judgment, that is, a judgment recoverable out of joint property, has been theretofore entered against him.

It must be remembered that, formerly, where an action was brought against several defendants, a judgment could not be taken against all unless all were served. It was to cure this mischief that the statute was passed. The effect of the statute is to continue the action as to those not served. To work this statutory continuance or to take advantage of § 436 *et seq.*, the proceeding must be in accord with, and the judgment must be in form as provided in § 236, subd. 1.

"If there are two or more defendants, there is no authority to enter judgment against all until all have been served, unless it can be found in the provisions of some statute in force in the state; and though there is such a statute in existence, before judgment affecting one not served can be validated by it, it must appear that the action or proceeding in which it was rendered was prosecuted under and in conformity to such statute." 1 Freeman, Judgments (4th ed.), § 120a.

Appellant assigns error in that the court entertained a motion to quash the summons when respondent was limited to such defenses as are outlined in § 439, that is, he must deny the judgment or set up a subsequent defense, or deny liability on the obligation upon which the judgment was rendered. This objection might possibly avail appellant if he had brought himself within the statute. We have shown that he did not, and the assignment is without merit. The motion to quash was, in effect, a plea to the jurisdiction of the court, and was rightfully sustained. The following cases sustain our conclusion and the judgment of the lower court: *Roberts v. Pawley*, 50 S. C. 491, 27 S. E. 913; *Brawley v. Mitch-*

*ell,* 92 Wis. 671, 66 N. W. 799; *Ingwaldson v. Olson,* 79 Minn. 252, 82 N. W. 579; *Oakley v. Aspinwall,* 4 N. Y. 514; *Cooper v. Burch, supra; Tay, Brooks & Backus v. Hawley,* 39 Cal. 93; *Erwin v. Scotten,* 40 Ind. 389.

Affirmed.

CROW, C. J., PARKER, MORRIS, and GOSE, JJ., concur.