5794. SHIFLETT *v.* JOHN W. KELLY & COMPANY.

1. An exception to the refusal to grant a nonsuit will not be considered, where a verdict for the plaintiff is complained of in a motion for a new trial as not supported by the evidence.

2. An ultra vires act of a corporation is one in excess of its charter power. Corporations are granted no rights and clothed with no powers except those which are expressly conferred by law or by their charters, or which arise therefrom by necessary implication.

3. A corporation doing business under a charter as a fraternal insurance society has no power to operate a "locker club," or to contract for the purchase of intoxicating liquors.

4. While a corporation can amend its constitution and by-laws, it can not so amend them as to make an altogether new and different kind of

society. So, where a corporation is granted a charter as a fraternal beneficiary association, it has no power to change itself into a "locker club," and to contract for the buying, handling, and dispensing of intoxicating liquors to its members.

5. Under the foregoing rulings, such a "locker club," having no valid charter, is not a corporation, and consequently any one of its individual members can be held liable for liquors purchased and received by the club.

6. The plaintiff in error, being a member of the "locker club," and its treasurer and steward, and having himself ordered the liquors—the subject-matter of this suit—which were received at the club, was liable for the purchase-price of the liquors; especially when he filed no plea of non-joinder, naming others who should be sued.

7. The evidence demanded the verdict directed, and the court did not err in refusing to grant the motion for a new trial.

DECIDED MARCH 18, 1915.

Complaint; from city court of Floyd county—Judge Reece. May 26, 1914.

*McHenry & Porter,* for plaintiff in error.

*Lipscomb & Willingham, Nathan Harris,* contra.

BROYLES, J. John W. Kelly & Co., a Tennessee corporation, brought suit in the city court of Floyd county against C. H. Shiflett, doing business under the trade name of the "Cosmopolitan Club," on an open account for liquors, amounting to $390 and interest. The defendant, Shiflett, in his answer, substantially admitted the correctness of the account, but denied individual liability. He failed, however, to plead misjoinder or non-joinder of parties. Upon the trial he testified that he was a member of the club in question; that it was a "locker club;" that he was its treasurer and steward; that the liquors included in the account sued on were ordered by him, and that he received them at the club through his man in charge of the club premises. He claimed that this "Cosmopolitan Club" was an offspring of the Farmers Life Confederation, a mutual benefit association, which was given a charter by the judge of the superior court of Fulton county; and that under this charter the "Confederation" had a right to establish and maintain "locker clubs" in connection therewith. This Farmers Life Confederation, under its charter, and under section 2503 of the Civil Code, is a fraternal insurance society, and was expressly so recognized by the Supreme Court of this State in *Worthy* v. *Farmers Life Confederation,* 139 *Ga.* 81 (76 S. E. 856). It was clearly ultra vires of its charter to organize, in connection with its insurance business, a "locker club," and to contract for the buying,

handling, and dispensing of intoxicating liquors to its members. In *Savannah Ice Co.* v. *Canal-Louisiana Bank &c. Co.*, 12 *Ga. App.* 818 (79 S. E. 45), this court held as follows: "(1) The charter of a corporation is a contract between the State and the shareholders, and between the shareholders themselves. The State contracts to permit the exercise of the powers granted in the charter, and not to impair the obligation of any contract made in pursuance thereof. The shareholders engage not to exceed the powers conferred upon them by law, and each stockholder, by accepting the charter, agrees with the others not to divert the assets of the corporation to a purpose foreign to the objects of the organization. As to this matter, the law makes no distinction between public and private corporations. (2) Corporations are granted no rights and clothed with no powers except those which are expressly conferred by law or the charter, or which arise therefrom by necessary implication."

In deciding whether a certain contract by a corporation is ultra vires the rule is, that, if the contract is usual and necessary for the business of the corporation, it is not ultra vires; and where it is unusual and not necessary, it is ultra vires. A corporation is a mere creature of the law, with no authority whatever outside of the powers given it by its charter and enumerated therein, and such powers as are necessarily incidental to the execution of those expressly granted. *Dublin Fertilizer Works* v. *Carter*, 6 *Ga. App.* 835 (65 S. E. 1082). The stockholders in a corporation can not substitute their will for the legislative or judicial grant of power. It is clear to us that the contracting of a debt for intoxicating liquors was ultra vires of the charter of the Farmers Life Confederation. It follows that this corporation could not delegate an authority which it did not itself have. The buying, handling, and dispensing of intoxicating liquors was beyond the objects contemplated in its charter; such actions were not necessary or legitimate for the carrying into effect of any of the purposes of the charter; and, under this view, any of the individual members of the locker club could have been held liable on its contracts as general promisors or partners. *Thurmond* v. *Cedar Springs Baptist Church*, 110 *Ga.* 816 (36 S. E. 221); *Wilkins* v. *Wardens etc.*, 52 *Ga.* 352. As to third persons, all the members of a partnership are liable, not only to the extent of their interest in the partnership property, but also to the whole extent of their separate property. Civil Code,

§ 3156. "A person who assumes to act as agent for a non-existing or legally incompetent or irresponsible principal renders himself personally liable to the person with whom he deals, unless it is expressly understood either that the agent shall not be held, and the contractee with knowledge of the facts extends credit to the supposed principal, or that the agent's liability shall be limited to a fund held by him for the purpose of his agency." 31 Cyc. 1548, 1549. "Unincorporated associations, clubs, and committees, are generally held to be such irresponsible principals that persons attempting to contract for them as agents render themselves personally liable." Comfort v. Graham, 87 Iowa, 295 (54 N. W. 242) ; Thistle v. Jones, 45 Misc. 215 (92 N. Y. Supp. 113). One who assumes to act as agent impliedly warrants his authority; but if there is no principal, then the agent can not have authority, and therefore he should be held liable for the breach of his implied warranty. Bartholomae v. Kaufman, 16 N. Y. Weekly Dig. 127.

An exception to the refusal to grant a nonsuit will not be considered where a verdict for the plaintiff is complained of in a motion for a new trial as not supported by the evidence. In such a case this court will review the sufficiency of the evidence as a whole, in the light of the verdict given or directed, and will not merely consider the sufficiency of the plaintiff's case to withstand the motion for a nonsuit at the particular stage at which the nonsuit was made. *Atlantic Coast Line R. Co.* v. *Blalock, 8 Ga. App.* 44 (2), 47 (68 S. E. 743).

The plaintiff in error being practically in charge of this so-called "Cosmopolitan Club," and having testified during the trial that he was treasurer and steward of the club, and that he ordered all the liquors in the account sued on, and that they were received at the club by his agent or employee, he was clearly liable for the same; and, the evidence demanding a verdict against him, it was not error for the court to direct the verdict.      *Judgment affirmed.*