MEDLIN v. EBENEZER METHODIST CHURCH *ET AL.*

(129 S. E., 830)

1. ASSOCIATIONS—SERVICE OF PROCESS ON EXECUTORS OF DECEASED TREASURER OF UNINCORPORATED ASSOCIATION INEFFECTIVE AGAINST ASSOCIATION.—Under Civ. Code 1922, §§ 5070 and 5071, service of process on executors of deceased treasurer of unincorporated association is ineffective against association.

2. ASSOCIATIONS—UNINCORPORATED ASSOCIATION NOT "LEGAL ENTITY."—An unincorporated association is in no sense a legal entity, and is not made so by Civ. Code 1922, § 5070, authorizing suits against association as such without naming individuals.

3. ASSOCIATIONS—LIABILITY OF MEMBERS IS JOINT AND SEVERAL SUCH THAT INDIVIDUAL MEMBER MAY BE SUED WITHOUT PROCEEDING AGAINST ASSOCIATION.—Liability of members of unincorporated association is joint and several, and individual member may be sued without proceeding under Civ. Code 1922, § 5070.

4. ASSOCIATIONS—ASSOCIATION NOT CONTEMPLATING PROFIT OR LOSS IS NOT PARTNERSHIP AND MEMBER THEREOF NOT CHARGEABLE WITH ASSOCIATION DEBTS IN ABSENCE OF ACTUAL OR CONSTRUCTIVE RATIFICATION OF CONTRACT CREATING LIABILITY.—Association not engaged in business enterprise nor contemplating profit or loss is not partnership, and membership therein imposes no liability for debts of association, unless member actually or constructively assents to or ratifies contract on which liability is predicated.

5. ASSOCIATIONS—AUTHORIZED OFFICER CONTRACTING FOR ASSOCIATION BINDS ALL MEMBERS AND GENERALLY INCURS INDIVIDUAL LIABIITY IRRESPECTIVE OF HIS MEMBERSHIP.—Officer of association having authority to do so, and entering into contract on behalf of association thereby binds all members, including himself, and generally incurs an individual liability irrespective of his liability as member.

6. ASSOCIATIONS—INDIVIDUAL MEMBERS LIABLE TO CREDITORS FOR WHOLE OF DEBT BINDING ON ASSOCIATION.—As against creditors, each member of association is liable for entire debt, if contracted so as to be binding on association as whole, though as between members, he is liable only for numerical proportion.

7. RELIGIOUS SOCIETIES—TREASURER OF CHURCH ASSOCIATION EXECUTING NOTE IN ASSOCIATION NAME HELD INDIVIDUALLY LIABLE.—Treasurer of unincorporated church association executing note in name of church, *held* personally liable thereon on basis of his membership, providing it was enforceable against association.

8. APPEAL AND ERROR—ERRONEOUS GRANTING OF NONSUIT ON PARTICULAR THEORY HELD NOT GROUND FOR REVERSAL IN ABSENCE OF EXCEPTION.—In action on note of unincorporated association executed by its treasurer, where process was served only on executors of treasurer, granting of nonsuit against executors on theory that there was no individual liability, if execution was authorized, though error, *held* not ground for reversal, in absence of exception, plaintiff having predicated his claim of liability on theory that signing of note in name of association was without authority.

9. RELIGIOUS SOCIETIES—TREASURER OF ASSOCIATION SIGNING NOTE WITHOUT AUTHORITY MAY BE HELD PERSONALLY LIABLE.—Treasurer of unincorporated church association executing note in its name may be held personally liable, if he acted without authority, or on theory that he acted for association without legal status.

10. PRINCIPAL AND AGENT—AGENT LIABLE ON CONTRACT ENTERED INTO WITHOUT OR IN EXCESS OF HIS AUTHORITY.—An agent is personally liable on a contract entered into without or in excess of his authority, regardless of whether contract contains apt words to bind him.

11. PRINCIPAL AND AGENT—AGENT INDIVIDUALLY LIABLE ON CONTRACT MADE FOR PRINCIPAL WHO HAS NO LEGAL STATUS.—Agent assuming to act for principal, who has no legal status or existence, is individually liable on contract so made, regardless of rule as to liability on contracts made without or in excess of authority.

Before MEMMINGER, J., Marlboro, May, 1924. Reversed and remanded for new trial.

Action by W. H. Medlin against the Ebenezer Methodist Church and W. C. Chavis and another, executors of L. C. Chavis, deceased. Judgment for defendants and plaintiff appeals.

*Mr. J. K. Owens,* for appellant, cites: *Liability of one acting as agent of nonexistent principal or without authority:* 21 R. C. L., 847; 1 Rich., 255; 4 Strob., 90; 46 S. C., 409; 21 R. C. L., 848; 12 L. R. A., 346; 4 Wend., 494. *Actions against unincorporated associations:* 25 R. C. L., 73; Civ. Code, 1922, Sec. 5070. *Service of process on unincorporated associations:* Civ. Code, 1922, Sec. 5071.

*Messrs. McColl & Stevenson* for respondents.

October 14, 1925.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an action upon a note, signed "Ebenezer Methodist Church, by L. C. Chavis Treasurer," dated September 4, 1920, amount $185, due October 4, 1920, payee, L. R. Brooks, interest 8 per cent. from maturity, with 10 per cent. attorney's fees, transferred before maturity, for value, to the plaintiff Medlin.

The defendants named in the summons and complaint are Ebenezer Methodist Church and the executors of L. C. Chavis, deceased. The executors were served with process, but it appears that the church was not, unless, as claimed by the plaintiff, service upon the executors who happened to be private members of the church, may be held sufficient.

We may as well dispose of this contention at once. Section 5070, Code of 1922, provides:

"All unincorporated associations may be sued and proceeded against under the name and style by which they are usually known, without naming the individual members of the association."

And Section 5071:

"Process served on any agent of any unincorporated association doing business in this State, under the name and style by which it is usually known, shall be sufficient to make such association a party in any Court of record in the county in which such agent may be served."

The executors were made parties as such, in an effort to hold them upon the personal liability of their testator, and they were served with process for that purpose. They happened to be members of the church organization, and if it had been the plaintiff's purpose to bring the church in by service upon them as such, it would not have been effective, in view of the provisions of Section 5071, requiring the process to be served upon any agent of the association. Certainly a private member, occupying no official relation to the organization, could not be so considered.

As the case stood when called for trial, the only parties before the Court were the plaintiff and the executors of L. C. Chavis.

At the close of the evidence for the plaintiff, the attorneys for the executors moved for a nonsuit, upon the ground that the church had not been served with process, was not before the Court, and that as it appeared upon the face of the note, "admitted and undisputed," that the obligation, if any, was that of the church, there could be no recovery against the only parties before the Court, the executors of L. C. Chavis. The motion was granted, the Circuit Judge sustaining said grounds and holding that the transaction involved no personal obligation upon L. C. Chavis. The plaintiff has appealed.

The complaint is inartistically drawn, and it is impossible to say whether it was intended to charge Chavis as the maker

of a note which he was authorized to sign in the name of the church, or to charge him as the maker of a note which he was not authorized to so sign. Inasmuch as there was no motion made to make the complaint more definite and certain in this respect, and as the nonsuit was granted upon the ground that the note contained no personal obligation on the part of Chavis, but for the fact that the appellant in his exceptions and printed argument relies solely upon the theory that Chavis signed the note without authority, the plaintiff would have had the right to rely upon either theory.

In the discussion of either theory, the question of
2, 3 the existence of a personal obligation on the part of Chavis is unaffected by the fact that the association, not having been served with process, is not before the Court. The statute does not contemplate an action against the association as if it were a corporation. An unincorporated association is in no sense a legal entity and is not made so by the statute. Prior to its passage great difficulty was experienced in making the individual members parties. The liability is theirs, and to render it more conveniently enforceable, the statute permits the association to be sued by its accustomed name, and provides that the execution issued upon the judgment in such case may be levied upon the property of the association and upon that of the individual members. The liability of the members is joint and several. 5 C. J., 1362. Any individual member may therefore be sued without proceeding under the statute against the association.

"The common-law rule as to suits by and against unincorporated associations has been changed and modified in many of the states and in England by statutory enactments permitting such associations to sue and be sued in their adopted name, or in the names of their officers, trustees, committees, and the like. Under some statutes, it is optional with the creditor of a voluntary association to proceed against the association as such, or against the individual

members composing it." 25 R. C. L. p. 73.

See, also, *Ex parte Baylor,* 93 S. C., 414; 77 S. E., 59, where the statute is construed, but not exactly covering the matter under review.

As to the first theory, the existence of a personal obligation on the part of Chavis by reason of his having signed a note in the name of the association by authority and in behalf of the association: The counsel for the executors concede in their brief that the church was an unincorporated association, and admit in the answer that Chavis, acting in his official capacity as treasurer, and in behalf of the church, "did enter into some such contract as is set up in the complaint." We take it therefore as conceded, that the church was such a body, and that Chavis was authorized to sign the note in question. It is not to be understood that this is a binding adjudication as to these facts, but upon consideration of the order of nonsuit, in view of the pleadings and evidence, and for that purpose only, it will be so considered.

It is possible that upon another trial it may appear that the church was not an unincorporated association, or that Chavis was not the treasurer of the church, or if the treasurer that he had no authority to make the contract in question, or that some other defense was available; but we are concerned only with the present condition of the pleadings, evidence, and admissions of counsel.

The question therefore immediately presented for consideration is whether an officer of an unincorporated association is personally liable upon a contract entered into by him in the name of the association, assuming that the contract was one which the association had the power to make, that it was a valid contract, and that he was authorized to make it in behalf of the association.

There appears to be a difference between the liability of members of an unincorporated association, organized for profit, and of one organized for social,

religious, charitable or other purposes, not for profit. The distinction is thus expressed:

"An association, not engaged in business enterprises and the objects of which do not contemplate profit or loss, is not a partnership, and the liability of its members for debts contracted in behalf of the association is governed, not by the principles of partnership, but by those of agency. Membership, as such, imposes no personal liabilty for the debts of the association; but to charge a member therewith, it must be shown that he has actually or constructively assented to or ratified the contract upon which the liability is predicated." 5 C. J., 1363.

In 5 C. J., 1349, it is said:

5, 6 "If an officer having authority to do so, enters into a contract for and in behalf of the association, he thereby binds all the associates including himself."

And further on page 1351:

"It is generally held however, that apart from his liability as a member, an officer who enters into a contract in behalf of the association is liable thereon as an individual, irrespective of the liability of the associate members, although he does not intend to render himself liable and believes that the law does not render him so."

"While as between the members of an unincorporated association, each is bound to pay only his numerical proportion of the indebtedness of the concern, yet as against the creditors, each member is individually liable for the entire debt, provided of course the debt is of such a nature and has been so contracted as to be binding upon the associates as a whole." 5 C. J., 1362.

"The members of a committee who undertake to act in behalf of an unincorporated association in contracting for a banquet are individually liable upon the contract." *Osborne v. Dickey,* 9 Ga. App., 469; 71 S. E., 763.

See, also, *Comfort v. Graham,* 87 Iowa, 295, 54 N. W., 242. *Reding v. Anderson,* 72 Iowa, 498; 34 N. W., 300.

*Lynn v. Commercial Club,* 31 S. D., 401; 141 N. W., 471.
*Crawley v. American,* 153 Wis. 13; 139 N. W., 734. *Schumacher v. Tel. Co.,* 161 Iowa, 326; 142 N. W., 1034, Ann.
Cas., 1916A, 201. *Murray v. Walker,* 83 Iowa, 202; 48
N. W., 1075. *Elwell v. Tatum,* 6 Tex. Civ. App., 397; 24
S. W., 71; 25 S. W., 434. *Hardy v. Carter* (Tex. Civ.
App.), 163 S. W., 1003. *Jenne v. Matlack* (Ky.), 41 S.
W., 11. *Meriwether v. Atkin,* 137 Mo. App., 32; 119 S.
W., 36. *Evans v. Lilly,* 95 Miss., 58; 48 So., 612; 21
Ann. Cas., 1087. *Nolan v. McNamee,* 82 Wash., 585;
144 P. 904. *Pelton v. Place,* 71 Vt., 430; 46 A., 63. *Pain
v. Sample,* 158 Pa., 428; 27 A., 1107. *Kierstead v. Bennett,* 93 Me., 328; 45 A., 42.

It thus appears that upon the premises, Chavis, an officer and member of the unincorporated association, having actively participated in the execution of the contract evidenced by the note, having in fact made it, became personally liable upon the contract, provided of course it was an enforceable contract against the association.

As the pleadings and proof stood at the time, it is clear that there was error in granting a nonsuit in favor of the executors of Chavis; but as the appellant has abandoned the first theory by failing to file an exception covering this point and by relying solely upon the second theory, he is not entitled to a reversal upon this ground.

As to the second theory, the existence of a personal obligation on the part of Chavis by reason of his having signed a note in the name of the association, without authority to do so: The great weight of authority sustains the proposition that an agent is not liable upon a contract which he enters into without or in excess of his authority, unless the contract contain apt words to bind him personally, 2 C. J., 806, although it is conceded by the commentators upon the subject that—

"In the earlier cases an agent may be held liable on the contract itself and be compelled personally to answer or

perform it as if it were his own, although it contains no apt words to bind him personally but only to bind the principal"—citing South Carolina cases.

It is nevertheless held by the authorities which deny the liability of the agent upon the contract signed in the name of the principal, without authority, that the agent may be held liable in an action for deceit or for damages resulting from a breach of his implied warranty of authority. Tiff. Agency (2d Ed.), § 130.

In view of the fact that the divergence of opinion relates simply to the form of the remedy, conceding that the agent is liable, we prefer to follow the rule laid down in our own cases of *Edings v. Brown,* 1 Rich., 255. *Bank of Hamburg v. Wray,* 4 Strob., 90; 51 Am. Dec., 659. *Lagrone v. Timmerman,* 46 S. C., 409; 24 S. E., 290, which hold the agent liable upon the contract. See, also, cases cited from other states in 2 C. J., 808, note 59.

It is conceded on all sides however that one who assumes to act as agent for a principal who has no legal status, or existence, renders himself individually liable on contracts so made, regardless of the above-stated rule, which as stated appears to be the result of the weight of authority.

"It is a general rule that one who assumes to act as agent for a principal who has no legal status or existence renders himself individually liable on contract so made." 21 R. C. L., 847.

"An agent will be held personally liable where he professes to enter into a contract for a principal who is at the time nonexistent, or legally incompetent or irresponsible, even though in thus entering into the contract he acts in good faith, as an agent assuming to contract for a principal must make a contract binding upon some principal or else he is himself liable. In accordance with this rule, it has been held that an agent is personally liable where he professes to enter into a contract on behalf of an unincorporated as-

sociation, club, or committee. * * *" 2 C. J., 808. *McCartee v. Chambers,* 6 Wend. (N. Y.), 649; 22 Am. Dec. 556. *Eichbaum v. Irons,* 6 Watts & S. (Pa.), 67; 40 Am. Dec., 540. *Vertrees v. Head,* 138 Ky., 83; 127 S. W., 523. *Queen City Co. v. Crawford,* 127 Mo., 356; 30 S. W., 163. *Learn v. Upstill,* 52 Neb., 271; 72 N. W., 213; 2 L. R. A., 811, note: *Ryerson v. Shaw,* 277 Ill., 524; 115 N. E., 651. *Chieppo v. Chieppo,* 88 Conn., 233; 90 A., 940.

It is hardly necessary to state that it is not intended by this judgment to foreclose any defense which may be available to the defendants consistent with the principles announced.

It is suggested that a determination of the merits of this controversy will be better subserved by bringing the church before the Court by proper service of process.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial.

Messrs. Justices Watts and Marion concur.

Mr. Chief Justice Gary and Acting Associate Justice Purdy dissent.